[Civ. No. 8829.   Third Dist.   June 4, 1956.]

VALLEY ELECTRIC COMPANY OF SACRAMENTO (a Corporation), Respondent, v. A. D. SLAGLE et al., Defendants; CENTRAL SURETY AND INSURANCE CORPORATION (a Corporation), Appellant.

Busick & Busick for Appellant.

Devlin, Diepenbrock & Wulff for Respondent.

PEEK, J.—This is an appeal by defendant Central Surety and Insurance Corporation from a judgment in favor of plaintiff on a contract bond wherein one Harlan, a contractor, was designated as principal and defendant as surety. The judgment represented the balance due for materials furnished by plaintiff to the subcontractor, defendant Slagle doing business as Slagle Electric Company, together with interest, costs and a reasonable attorney's fee. Defendant's appeal presents two contentions: First, that the evidence is insufficient to support the finding of the trial court as to the balance found to be due; and second, that the court was without jurisdiction to hear the matter by reason of certain legislative enactments. From our examination of the record, we have concluded that the judgment of the trial court should be sustained.

Summarizing the evidence as we must, in favor of the conclusion of the trial court, it appears that the defendant Slagle was the electrical subcontractor under a general contract let to Harlan for the building of the Woodlake School in Sacramento County. At the request of Slagle, plaintiff furnished materials used in the construction of the school in the aggregate value of $12,851.51. The electrical installation for the school was covered by detailed plans and specifications as to the type and quantity of materials to be used. Slagle and certain of his employees, called under section 2055 of the Code of Civil Procedure, testified that other electrical jobs were then under construction, and because of its central location the Woodlake School was used to warehouse certain bulky items; that all merchandise was earmarked for a particular job and was separately ordered, invoiced, billed, used and paid for without diversion; and that every item of merchandise delivered to the Woodlake School for use or installation therein was checked against the actual merchandise on receipt with the exception of three lots purchased under three separate inventories. However, since we are interested only in the balance of $5,415.15 representing the value of materials delivered subsequent to February 10, 1953, and since each of the three lots was delivered prior to that time, such items may be disregarded. Slagle and his employees further testified to the actual physical installation of many identifiable items. The remaining items were, in each instance, referred to as something which the job required and were of a type and quantity actually installed, but the witnesses were not able to identify them specifically as against a particular invoice, as the same comprised standard equipment. In this

regard plaintiff has set forth in its brief a schedule showing $4,881.91 of the $5,415.45 (the amount of the judgment) as being specifically identified as having been delivered to and used in the Woodlake School. It was further shown that the remaining invoices, totaling $533.04, were for merchandise which was of the type and quantity needed for the job; that it was delivered to the job; that the job was completed according to specifications; and that none of such merchandise was diverted elsewhere with the exception of possible minor leftovers.

It is readily apparent from the evidence so summarized that, contrary to defendant's contention, it was amply sufficient to sustain the findings of the trial court as to the amount and value of the materials shown to have been furnished by plaintiff to Slagle and that such materials were actually used in the construction of the school. (*San Pedro Lbr. Co.* v. *Kreis,* 111 Cal. 466 [295 P. 890].)

Defendant's second contention is stated to be that plaintiff's complaint was ". . . founded on a statute which was repealed by the Legislature in 1951, prior to the execution of the contract for the construction of the Woodlake School and prior to the execution of the bond in question." And since that section, 1184e of the Code of Civil Procedure, "was not reenacted until 1953," the complaint failed to state a cause of action. The legislative history of the statutes in question shows that prior to 1951, section 4205 of the Government Code required that a labor and materials bond "shall by its terms inure to the benefit of any and all persons entitled to file claims under section 1184e of the Code of Civil Procedure." Said section 1184e was repealed by chapter 1159 of the Statutes of 1951, and reenacted as section 1192.1 of the Code of Civil Procedure. However, the reference in section 4205 to section 1184e was not amended accordingly. In 1953 section 4205 of the Government Code was amended so as to reflect the change in the section numbering in the Code of Civil Procedure. In other words, two years elapsed between sessions of the Legislature before the error in such numbering was corrected.

It is specifically provided in section 9604 of the Government Code that,

"When the provisions of one statute are carried into another statute under circumstances in which they are required to be construed as restatements and continuations and not as new enactments, any reference made by any statute,

charter or ordinance to such provisions shall, unless a contrary intent appears, be deemed a reference to the restatements and continuations.''

Here the two sections, 1184e and 1192.1, are identical in every respect. The very wording of the statute affecting the change (Stats. 1951, ch. 1159, § 5) provides in particular: ''It is the intent of the Legislature to accomplish by this act only a formal revision of the law relating to mechanics' liens. Nothing in this act contained shall be construed as an alteration in the public policy or legislative intent regarding such law, nor in the meaning or substance thereof.''

█ Even assuming that defendant's contention is correct, that section 1192.1 is separate and distinct from the former section 1184e and that section 9604 of the Government Code and the quoted provisions of chapter 1159 of the Statutes of 1951, do not apply, it would in no way alter the conclusion of the trial court. By the express language of the bond itself, it is provided that ''. . . this bond is filed by the Principal to comply with the provisions of sections 4200 to 4208; inclusive of the Government Code of the State of California and liability hereunder is subject to the provisions of said sections and acts amendatory thereof, and sections of other codes of the State of California referred to therein and acts amendatory thereof.'' Accordingly, since section 4205 had been amended to make reference to section 1192.1 at the time the original complaint was filed, the issue raised by defendant is without merit.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.