[No. B007172. Second Dist., Div. Six. July 5, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RAE EDWARD RICHERSON, Defendant and Appellant.

**COUNSEL**

Robert Fiedler, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, William R. Weisman and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

ABBE, J.—This is an appeal from a conviction of grand theft as a result of the sale of mortgaged personal property with intent to defraud the mortgagee in violation of Penal Code section 538. The mortgaged property sold consisted of a truck, a compactor and "clam buckets."

Appellant contends Penal Code section 538 is unconstitutionally vague. That section prohibits sale of mortgaged property permitted to be mortgaged by the provisions of section 2955 of the Civil Code. Appellant

points out section 2955 of the Civil Code was repealed in 1963, about 19 years before the transactions for which appellant was convicted.

The repeal of section 2955 of the Civil Code, effective January 1, 1965, coincided with and was incidental to the enactment of the Commercial Code, also effective as of January 1, 1965. The property mortgaged by appellant fits into the description of property allowed to be mortgaged in both former Civil Code section 2955 and Commercial Code section 9102.

It is difficult to believe that there remains a person in this country who does not know that a motor vehicle can be mortgaged. Still, both article I, section 13 of the California Constitution and the Fourteenth Amendment to the United States Constitution declare that no person shall be deprived of life, liberty or property without due process of law. Due process requires, among other things, some level of definiteness in criminal statutes.

■ The California Supreme Court observed in *Burg* v. *Municipal Court* (1983) 35 Cal.3d 257, 269, footnote 15 [198 Cal.Rptr. 145, 673 P.2d 732], ". . . that due process has never been interpreted so strictly as to require . . . 'actual' notice . . .; at most, the cases require 'fair notice.' [Citations.]"

" 'Fair notice' requires only that a violation be described with a ' "reasonable degree of certainty" ' [citation] so that 'ordinary people can understand what conduct is prohibited.' [Citation.] The notice provided must be such that prosecution does not 'trap the innocent' without 'fair warning.' [Citation.]" (*Id.*, at pp. 270-271.)

■ The rule set forth by the California Supreme Court in *People* v. *McGee* (1977) 19 Cal.3d 948 [140 Cal.Rptr. 657, 568 P.2d 382] is dispositive here. In *McGee* the defendants contended their convictions under section 11483 of the Welfare and Institutions Code were invalid because the prosecution did not plead and prove that restitution was sought prior to the institution of criminal proceedings as required by sections 12250 and 12850 of that code. Prior to defendants' trial in *McGee,* sections 12250 and 12850 were repealed but reenacted in substance in section 13200 of the same code. The repeal of sections 12250 and 12850 and the enactment of section 13200 became effective on the same day.

■ The *McGee* court quoted from *Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53 at pages 58-59 [195 P.2d 1], as follows: " " "It is a well established principle of statutory law that where a statute adopts by specific reference the provisions of another statute . . . . such provisions are incorporated in the form in which they exist at the time of the reference

. . . and that the repeal of the provisions referred to does not affect the adopting statute in the absence of a clearly express intention to the contrary." ' [Citation.]" (*People* v. *McGee* (1977) 19 Cal.3d 948, 958, fn. 3 [140 Cal.Rptr. 657, 568 P.2d 382].)

 In repealing Civil Code section 2955 and enacting Commercial Code section 9102, the Legislature merely transferred the definition of what personal property may be mortgaged from one code to another. What types of personal property may be mortgaged has always been in the statutes and are easily discoverable. We hold Penal Code section 538 is not vague.

Government Code section 9604 also mandates an affirmance of the defendant's conviction. That section provides that "[w]hen the provisions of one statute are carried into another statute under circumstances in which they are required to be construed as restatements and continuations and not as new enactments, any reference made by any statute, charter or ordinance to such provisions shall, unless a contrary intent appears, be deemed a reference to the restatements and continuations."

The applicable provisions of the Commercial Code define, in more elaborate way than did former Civil Code section 2955, what items of personal property may be mortgaged. The provisions of former Civil Code section 2955 were carried into the Commercial Code sections as a restatement and continuation of a specification of personal property that may be mortgaged. As a contrary intent does not appear, the reference in Penal Code section 538 to Civil Code section 2955 must be deemed a reference to Commercial Code section 9102.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.