TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|                            |   |                    |
|----------------------------|---|--------------------|
| OPINION                    | : | No. 85-1103        |
| of                         | : | APRIL 30, 1986     |
| JOHN K. VAN DE KAMP         | : |                    |
| Attorney General           | : |                    |
| RODNEY O. LILYQUIST         | : |                    |
| Deputy Attorney General    | : |                    |

_____

THE HONORABLE HENRY G. MURDOCK, DISTRICT ATTORNEY, COUNTY OF ALPINE, has requested an opinion on the following question:

May a school district which accepts students from a neighboring school district charge the latter district for the actual costs of educating the students?

CONCLUSION

Except as provided in Education Code sections 46616 and 46619, a school district which accepts students from a neighboring school district may not charge the latter district for the actual costs of educating the students.

ANALYSIS

We are informed that the Vallecito School District in Calaveras County and the Countywide Unified School District of Alpine County intend to enter into an inter-

1

district attendance agreement. Six elementary school students living in Calaveras County will attend school in Alpine County. Because the counties are mountainous and sparsely populated, attendance in the adjoining school district will be significantly more convenient for these students.

The question presented for analysis is whether the Alpine school district may charge the Calaveras school district for the actual costs of educating the students. We conclude that it may not. Rather, the Alpine school district will receive compensation from the state and is limited to such payments.

The Legislature has enacted a detailed statutory scheme governing interdistrict attendance agreements. (Ed. Code, §§ 46600-46620.)[1] The principal provision is section 46600:

"The governing board of any school district may admit to the schools or classes maintained in the district any pupil who lives in another school district which maintains schools or classes of the grade levels which the pupil desires to attend. An agreement providing for such attendance shall be entered into between the governing board and the governing board of the district in which the pupil lives. The agreement shall stipulate the terms upon which the interdistrict attendance shall be permitted. *The terms of the agreement shall require the payment to be determined in the manner provided by Section 46605*." (Emphasis added.)[2]

Section 46600 refers to section 46605 as governing interdistrict payments. Both statutes were enacted together in 1976. (Stats. 1976, ch. 1010, § 2.) Section 46605, however, has now been repealed. (Stats. 1980, ch. 1353, § 1.) Prior to its repeal, section 46605 specified that "tuition" was to be paid by the district of residence to the district of attendance "not [to] exceed the actual cost per unit of average daily attendance for the grade level or program less any income, other than tuition, received by the district of attendance on account of such attendance." (Stats. 1976, ch. 1010, § 2.)

With the repeal of section 46605, only two statutes mention the payment of money by one district to another under an interdistrict attendance agreement. Section 46616 requires the district of residence to pay an amount based upon a specified formula where the transfer would otherwise cause a "reduction of 25 percent or more in its federal

---

[1] All references hereafter to the Education Code are by section number only.

[2] The program is a voluntary one, although we note that if both districts "agree that it is for the best educational and health interest of the child," the change in attendance "shall" occur. (§ 46609.)

2

grant pursuant to Public Law 81-874."[3] Section 46619 requires the Fallbrook Union High School District to pay a specified sum to the Capistrano Unified School District for educating students residing at the Camp Pendleton Marine Corps Base.[4]

---

[3] Public Law 81-874 (20 U.S.C. § 238) authorizes federal grants to local school districts for educating children of persons who reside or work on federal property. Section 46616 states in full:

"(a) *Except as provided in subdivision (b)* and (c), *the average daily attendance for attendance of pupils from another district shall be credited to the district of attendance for purposes of determining state apportionments* and the revenue limit pursuant to
Section 42237 or 42238.

"(b) For any district which would have a reduction of 25 percent or more in its federal grant pursuant to Public Law 81-874 if the average daily attendance of pupils residing within the district were credited to the district of attendance, then the average daily attendance resulting from an interdistrict attendance agreement shall be credited to the district of residence and *the district of residence shall pay a tuition to the district of attendance* no later than the next August 31, after the close of the fiscal year as follows:

"(1) For attendance in regular day schools and summer schools the tuition per unit of average daily attendance, if any, shall not exceed the actual cost per unit of average daily attendance for the grade level or program less any income, other than tuition, received by the district of attendance on account of such attendance.

"(2) The district in which the pupil resides shall reduce its total revenue limit pursuant to Section 42238 by the total excess, if any, of its revenue limit per unit of average daily attendance multiplied by the total interdistrict attendance over the total tuition to be paid to districts of attendance.

"The district in which the pupil resides may increase its total revenue limit pursuant to Section 42238 by the total excess, if any, of the total tuition to be paid to districts of attendance over the district of residence's revenue limit per unit of average daily attendance multiplied by the total interdistrict average daily attendance.

"(c) For any consortium of school districts operating an adult education and a regional occupational program serving four or more school  districts,   the school districts may agree to claim the unit of average daily attendance on the basis of the district of residence and pay such interdistrict tuition to the district of attendance as agreed to by the participating districts." (Emphases added.)

[4] Section 46619 provides in full:

"Notwithstanding any other provision of law, the Fallbrook Union High School District shall enter into an interdistrict attendance agreement with the Capistrano Unified School District to allow any pupil, at the request of his or her

3

Neither section 46616 nor section 46619 is applicable to the two school districts in question. We are informed that federal funding would not be affected as required in section 46616, and section 46619 is directed specifically at two other school districts. We have found no other possible express statutory language authorizing the interdistrict charges proposed here.

It may be argued, however, that express authorization is not necessary and that the interdistrict payment proposal is authorized by the general language of section 35160:

"On and after January 1, 1976, the governing board of any school district may initiate and carry on any program, activity, or may otherwise act in any manner which is not in conflict with or inconsistent with, or preempted by, any law and which is not in conflict with the purposes for which school districts are established."

Section 35160 was enacted to implement a 1972 amendment to the Constitution. Section 14 of article IX of the Constitution was amended to provide in part:

---

parent or guardian, to attend schools of the Capistrano Unified School District when the pupil resides in the San Onofre housing area of the Marine Corps Base, Camp Joseph H. Pendleton. No more than 150 pupils from the Fallbrook Union High School District may attend school in the Capistrano Unified School District pursuant to this attendance agreement.

"The Fallbrook Union High School District shall be credited with the average daily attendance of these pupils for the purpose of determining state apportionments and revenue limits and for the purpose of receiving federal grants pursuant to Public Law 81-874.

"The Fallbrook Union High School District shall pay tuition to the Capistrano Unified School District for the attendance of these pupils only in the amount of the state apportionments paid to the Fallbrook Union High School District for the attendance of these pupils, plus an amount computed as follows:

"(a) Divide the amount of funds paid pursuant to Section 3 of Public Law 81-874 (20 U.S.C. § 238) to the Fallbrook Union High School District in the current fiscal year by the average daily attendance of the district in the current fiscal year.

"(b) Multiply the amount in subdivision (a) by the average daily attendance, for the year of attendance for secondary school pupils attending the schools of the Capistrano Unified School District pursuant to Section 46619."

4

"The Legislature may authorize the governing boards of all school districts to initiate and carry on any programs, activities, or to otherwise act in any manner which is not in conflict with the laws and purposes for which school districts are established."

School districts now have more responsibility and flexibility in choosing their own programs. Due to the new constitutional and statutory provisions, our analysis must focus upon whether some specific law precludes the district action in question. (See *Hartzell* v. *Connell* (1984) 35 Cal.3d 899, 915-916 (per Bird, C.J., Broussard and Reynoso, JJ.); 65 Ops.Cal.Atty.Gen. 326, 327-328 (1982); 63 Ops.Cal.Atty.Gen. 851, 852-853 (1980).)

We believe that section 46600 is such a specific law which precludes the payment proposal here. It mandates that an interdistrict payment "shall" have its terms "determined in the manner provided by section 46605."

A direct link exists between the repealed section 46605 and current section 46616. At the time section 46605 was repealed, several of its provisions were inserted into section 46616. (See Stats. 1980, ch. 1354, § 50, 59; Stats. 1976, ch. 1010, § 2.)

Section 46616 provides payment for the education of students under interdistrict agreements--either payment by the state under subdivision (a) or in limited circumstances by the district of residence under subdivisions (b) and (c). We believe that the Legislature has addressed the issue of interdistrict payments in section 46616 and has intended for its terms to govern. When a special need has arisen, the Legislature has dealt with it expressly and in detail. (§ 46619.) We have found no indication by the Legislature that it intended for other than sections 46616 and 46619 to control the terms of interdistrict payment agreements.

In reaching this conclusion, we find support from certain well established principles of statutory construction. When a statute adopts by specific reference the provisions of another statute, "'such provisions are incorporated in the form in which they exist at the time of the reference.'" (*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 58-59; accord, *People* v. *McGee* (1977) 19 Cal.3d 94, 958, fn. 3; see *Puckett* v. *Johns-Manville Corp.* (1985) 169 Cal.App.3d 1006, 1008.) Accordingly, "'repeal of the provisions referred to does not affect the adopting statute in the absence of a clearly expressed intention to the contrary.'" (*Palermo* v. *Stockton Theatres, Inc.*, *supra*, 32 Cal.3d 53, 59; accord, *People* v. *McGee*, *supra*, 19 Cal.3d 948, 958, fn. 3; see *Puckett* v. *Johns-Manville Corp.*, *supra*, 169 Cal.App.3d 1006, 1009.)

Here we have a clearly expressed intention to the contrary. Section 46605 was not merely repealed. Its key provisions were incorporated into section 46616 at the time of the repeal, and the whole method of funding was essentially changed from a tuition basis to a state funding basis. The combination of the two statutory changes demonstrates a legislative intent to treat section 46616 as a continuation of section 46605 for purposes of section 46600. (See *Puckett* v. *Johns-Manville Corp.*, *supra*, 169 Cal.App.3d 1006, 1009; *People* v. *Oliver* (1985) 168 Cal.App.3d 920, 926; *Valley Electric Co.* v. *Slaqle* (1956) 142 Cal.App.2d 81, 83-84; 67 Ops.Cal.Atty.Gen. 393, 396 (1984); 2 Ops.Cal.Atty.Gen. 180, 181 (1943).)[5] This latter principle of statutory construction is now embodied in Government Code section 9604:

> "When the provisions of one statute are carried into another statute under circumstances in which they are required to be construed as restatements and continuations and not as new enactments, any reference made by any statute, charter or ordinance to such provisions shall, unless a contrary intent appears, be deemed a reference to the restatements and continuations."

In answer to the question presented, therefore, we conclude that except as provided in sections 46616 and 46619, a school district which accepts students from a neighboring school district may not charge the latter district for the actual costs of educating the students. Rather, it receives compensation from the state and is limited to such payments.

*****

---

[5] As for section 46619, it would not be affected by section 46600 or any other statute since it contains the phrase "[n]otwithstanding any other provision of law." (See *In re Marriage of Dover* (1971 15 Cal.App.3d 675, 678, fn. 3; *State of California* v. *Superior Court* (1965) 238 Cal.App.2d 691, 695-696.)