[Civ. No. 26591.   Second Dist., Div. Four.   Feb. 18, 1963.]

FRED JOHN RENK, Plaintiff and Appellant, v. THE MU-
NICIPAL COURT FOR THE WHITTIER JUDICIAL
DISTRICT, Defendant and Respondent; THE PEOPLE,
Real Party in Interest and Respondent.

Vincent J. Aiken for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

William B. McKesson, District Attorney, Harry Wood and Ralph F. Bagley, Deputy District Attorneys, for Real Party in Interest and Respondent.

BURKE, P. J.—This is an appeal from the denial of a writ of prohibition which sought to restrain respondent from proceeding to try petitioner for a violation of the Vehicle Code.

Appellant was arrested on February 15, 1962, without a warrant and taken before a judge of the Municipal Court of the Whittier Judicial District and thereafter on the same day was charged with a violation of subdivision(a), section 23102, Vehicle Code, misdemeanor drunk driving. On the same day petitioner entered a plea of not guilty and was released on bail with a jury trial scheduled for March 7, 1962. On March 23, 1962, petitioner filed a notice of motion to dismiss the case for want of jurisdiction. This motion was denied, whereupon appellant filed a petition for writ of prohibition in the superior court from the denial of which petition appellant appeals.

The basis for appellant's contention that the municipal court is without jurisdiction to proceed to try him is that the complaint filed against him was not filed by the arresting officer. The complaint was actually signed by a complainant other than the arresting officer. Petitioner contends that section 40306 of the Vehicle Code requires that ". . . the arresting officer shall file with the magistrate a complaint stating the offense with which the person is charged"; and that this requirement is mandatory. Appellant asserts that without a complaint being filed in strict compliance with the provisions of this section the court is without jurisdiction to proceed to try him. These contentions are without merit.

It should be pointed out that the section in question merely imposes a duty on the arresting officer to "file" a complaint. It does not require that the complaint be signed by him. The complaint as filed does not indicate that it was not filed by the arresting officer. It does bear the subnote: "Arresting agency; Sheriff." The end sought to be accomplished by the section is that a proper complaint be filed stating the offense with which the arrested person is charged. This was done and appellant makes no contention that the complaint

filed against him did not correctly set forth the basis for the arrest or that his arrest was illegal.

Section 40306 was not intended to enforce a constitutional requirement nor is it substantive. It is only statutory and procedural. The same legislative body that created the requirement also enacted section 960, Penal Code, providing that "[n]o accusatory pleading is insufficient" because of a defect in form absent "prejudice." The Legislature has also required appellate courts in section 1258, Penal Code, to disregard "technical errors or defects."

Appellant points to such cases as *Rupley* v. *Johnson*, 120 Cal.App.2d 548, 552 [261 P.2d 318], holding that before the court could have had jurisdiction of a misdemeanor violation of the Vehicle Code a proper complaint must be filed and that unless waived, as provided by statute, the filing is essential to the jurisdiction of the court. Such cases are of no support to the appellant here, however, because in fact a complaint was filed.

Appellant also relies on *People* v. *Elliot*, 54 Cal.2d 498, 502 [6 Cal.Rptr. 753, 354 P.2d 225]. However, the latter case makes it quite clear that an information will not be set aside merely because there has been some irregularity or minor error in procedure in the preliminary examination. The test is whether the defendant has been denied a substantial right. Here, clearly, there was no error since the duty of the arresting officer was fully complied with by the filing of a proper complaint charging the defendant with the offense for which the officer has arrested him.

Appellant points to the mandatory character of the language of section 40300 of the Vehicle Code relating to the required procedure on arrests for violations of the code without a warrant. The section states that "[t]he provisions of this chapter shall govern all peace officers in making arrests. . . ." However, the remainder of this section reads, ". . . but the procedure prescribed herein shall not otherwise be exclusive of any other method prescribed by law for the arrest and prosecution of a person for an offense of like grade."

It is basic that a statute must be construed reasonably considering the objects sought to be obtained. There is no valid reason for attempting to give section 40306 of the Vehicle Code the strained construction and interpretation for which appellant contends. Sections 960, 1258, and 1404, Penal Code, all point up the fact that before a procedural error renders a pleading or proceeding invalid it must be shown that

the mistake has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right. Appellant has made no allegation that his rights were prejudiced by the filing of a complaint signed by a person other than the arresting officer. (See *People* v. *Feeley,* 179 Cal.App.2d 100, 106 [3 Cal.Rptr. 529].)

The order is affirmed.

Jefferson, J., and Bishop, J. pro tem.,* concurred.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.