Opinion
FOSTER, P. J.
On the court’s own motion the above-entitled matters are hereby consolidated for all further purposes.
*Supp. 4 When a person is arrested for a traffic offense under the circumstances listed in section 40302 of the Vehicle Code,[1] instead of being released upon the customary traffic citation, he must be taken without unnecessary delay before a magistrate. If no magistrate is then available, he must be taken to the most accessible jail, where the officer in charge of the jail may release him on bail or “on his written promise to appear as provided in subdivisions (a) through (f) of Section 853.6 of the Penal Code.” (Veh. Code, § 40307, subd. (b).)[2] Section 853.6, since its enactment in 1959, has prescribed a procedure for releasing a person on his promise to appear which is similar to that provided for traffic arrests (Veh. Code, § 40500 et seq.). For a period commencing May 8, 1981, and ending January 1, 1983, subdivision (e) of section 853.6 of the Penal Code contained a provision that if a person arrested for a misdemeanor offense is released upon his promise to appear under that section, and the prosecutor fails to file a criminal complaint against him within 25 days from the date of arrest, such failure “shall bar further prosecution of the misdemeanor charged in the notice to appear.”
We have consolidated appeals in 10 cases, all of which involve the issue of whether it was the intention of the Legislature that such bar of further prosecution applies to arrests for traffic offenses in which the person was released upon his promise to appear under that section because of the unavailability of a magistrate.[3] Although varying in detail, all of the appeals *Supp. 5 involve a common sequence of events. Defendant was arrested at night on a charge of violating Vehicle Code section 23152, subdivision (a) (driving while under the influence of alcohol or a drug), was taken to a jail facility, and because no magistrate was then available was subsequently released after signing a form[4] agreeing to appear in court at a specified place and time, the time ranging between 26 and 36 days from the arrest. A criminal complaint was subsequently filed before defendant’s appearance in court but more than 25 days after the arrest. Each case was later dismissed on demurrer or motion, and the People have appealed from the order of dismissal.
We conclude that it was not the intention of the Legislature to bar further prosecution in these circumstances for several reasons. First is the canon of legislative construction that when one statute incorporates by reference another, that incorporation is presumed to encompass the incorporated statute in its then form, not as later amended. Secondly, the Legislature has demonstrated its intention to treat citation procedures for traffic offenses, and in particular for violations listed in Vehicle Code section 40302, differently from other arrests and releases under Penal Code section 853.6. And lastly, a result by which further prosecution would be barred in drunk driving prosecutions is not within the evident purpose of the Legislature in amending subdivision (e) of Penal Code section 853.6.
California has long had procedures governing arrests of persons charged with traffic offenses which differ from those governing arrests for other crimes. These procedures reflect a recognition of the differences in severity between traffic and other offenses and among traffic offenses themselves. As explained by our Supreme Court in People v. Superior Court (Simon) (1972) 7 Cal.3d 186, 199-201 [101 Cal.Rptr. 837, 496 P.2d 1205]:
“At the outset, a brief explanation of the statutory reference will be helpful. The exclusive procedure to be followed after a warrantless arrest for a *Supp. 6 Vehicle Code violation is that prescribed in division 17, chapter 2 (§§ 40300-40604) of the Vehicle Code. (People v. Wohlleben (1968) 261 Cal.App.2d 461, 463 [67 Cal.Rptr. 826].) If that violation is declared to be a felony, the arrestee is to be dealt with according to the general provisions of the Penal Code on felony arrests. (Veh. Code, § 40301.) For all other cases, however, the Legislature has created a special tripartite scheme which reflects the lesser degree of criminality attached to the act of transgressing against ordinary traffic rules and regulations.
“First, the scheme in effect presumes that in the vast majority of cases the violator will not be taken into custody: with the exception of the instances next discussed, the officer must prepare a written notice to appear (i.e., a citation or ‘ticket’), and must release the violator ‘forthwith’ when the latter in turn gives his written promise that he will appear as directed (§§ 40500, 40504). Indeed, such a violator may entirely avoid the necessity for appearing in court: he may choose to deposit the prescribed bail by mail (§ 40510) and, by failing thereafter to appear, forfeit that amount in lieu of fine (§ 40512).
“Second, in certain cases section 40303 gives the officer the option either to follow the foregoing procedure or to take the violator ‘without unnecessary delay’ before the ‘nearest or most accessible’ magistrate having jurisdiction over the offense. The section lists a number of more serious violations as grounds for invoking this option, such as reckless driving, failure to stop after an accident, participating in speed contests, driving with an invalid license, attempt to evade arrest, and refusal to submit to safety inspections.
“Third, section 40302 makes it mandatory for the officer to follow the latter branch of the section 40303 option—i.e., to take the violator before a magistrate without unnecessary delay—in four specific instances: i.e., when the violator (a) fails to present his driver’s license or other satisfactory evidence of his identity, (b) refuses to give his written promise to appear, or (c) demands an immediate appearance before a magistrate, or (d) when the violator is charged with the very serious traffic offenses of misdemeanor drunk driving or driving under the influence of toxic glue or nonnarcotic drugs.”
“There is no doubt, of course, that a motorist who is actually taken into police custody for transportation before a magistrate pursuant to section 40302 (or 40303) is ‘under arrest’ in the traditional sense of the term. (Pen. Code, §§ 834, 835; People v. Hatcher (1969) 2 Cal.App.3d 71, 75 [82 Cal.Rptr. 323].) This explains why Officer Erickson and the trial judge in the case at bar both stated that defendant was arrested ‘under 40302(a) of *Supp. 7 the Vehicle Code.’ But such language is at best a kind of verbal shorthand. Upon analysis it will be seen that one cannot be arrested on the sole authority of section 40302: ‘such section [§ 736, predecessor to § 40302] is not penal in nature and cannot form the basis for a lawful arrest.’ (People v. Randolph (1957) 147 Cal.App.2d Supp. 836, 841 [306 P.2d 98].) The section by its terms applies only when a person ‘is arrested for any [non-felony] violation of this code’ and one of the four specified conditions is met. It thus assumes the violator has already been arrested under a substantive provision of the code, and simply declares the procedure which is then to be followed.
“Thus viewed, a principal purpose of the statute becomes apparent. The citation procedure of section 40500 (discussed ante) is essentially an honor system, requiring the good faith and cooperation of the person cited. At the very least, he must be able to convince the officer—either by exhibiting his driver’s license or by ‘other satisfactory evidence’—that the name he is signing on the written promise to appear corresponds to his true identity (see also § 40504, subd. (b) [signing such a promise with a false name is a misdemeanor]). When he cannot do so the officer has no assurance the promise will be honored, and under those circumstances subdivision (a) prohibits the use of the citation procedure. (People v. Mercurio (1970) 10 Cal.App.3d 426, 430 [88 Cal.Rptr. 750].)”[5]
As Simon makes clear, Vehicle Code section 40302 is concerned with a narrow range of circumstances making a release upon a promise to appear unworkable or undesirable. Release of a person who cannot produce identification (subd. (a)), who refuses to sign a promise to appear (subd. (b)), or who insists upon being taken before a magistrate (subd. (c)) is impractical. And release of a person arrested for driving under the influence of alcohol or a drug is undesirable. (Subd. (d).) The fact that the person is in such condition and is operating an automobile makes him a continued danger to other users of the highways should he be released simply upon a Vehicle Code citation. In any event the arrested person must remain in custody for a sufficient period of time to accomplish the chemical test required by Vehicle Code section 13353.
The Legislature has been cognizant, however, that because of the hour or other circumstances of an arrest, although the arresting officer is required to take the arrested person before a magistrate, neither the magistrate nor a person authorized to act on his behalf may then be available. In 1951, it *Supp. 8 enacted section 737.2 of the Vehicle Code (Stats. 1951, ch. 444, § 1, p. 1457), which provided that if no magistrate is available, the person arrested must be brought to the most accessible county or city jail or other place of detention. The officer in charge of such facility is empowered, in effect, to act in lieu of a magistrate by admitting him to bail in accordance with the same bail schedule used by a magistrate. This section, with minor modifications, was continued into section 40307 with the reenactment and renumbering of the Vehicle Code in 1959. (Stats. 1959, ch. 3, p. 1776.)
In 1970, as another alternative to continued incarceration, section 40307 was amended to authorize the officer in charge of the jail facility to release the arrested person upon his signing a promise to appear under the procedure then provided by Penal Code section 853.6. (Stats. 1970, ch. 753, § 1, p. 1433.) This incorporation of the Penal Code section 853.6 procedure appears to have been for practical reasons. If the arrest were under any of the circumstances enumerated in Vehicle Code section 40302, the arresting officer and his superior were precluded by that section from using the normal traffic citation procedure to effect a release; and if the charge were a violation of Vehicle Code section 23152, there might also be a substantial interval between the arrest and defendant’s becoming sober enough to be released. The jailer would be in the best position to make that determination. Other than on bail and with no magistrate available to release defendant on his own recognizance, release under the established procedure of Penal Code section 853.6 was a practical alternative.
Penal Code section 853.6 was first enacted in 1959 (Stats. 1959, ch. 1558, § 1, p. 3888) and was patterned generally after the citation procedure of the Vehicle Code. By its terms, it is available in misdemeanor offenses when the person arrested does not demand to be taken before a magistrate. (Subd. (a).) Should the arresting officer or his superior, or if defendant has been booked, the booking officer or his superior determine to release defendant, then notice must be prepared in duplicate, specifying a particular court and time at which defendant is to appear and defendant must sign the promise to appear. One copy of the notice is retained by the defendant and the second by the officer. Defendant then must be released forthwith from custody. (Subd. (d).) Subsequent amendments to Penal Code section 853.6, in effect in 1970, provided that the officer could indicate on the notice to appear that defendant is to be booked (subd. (g)), that a peace officer may use the written notice to appear procedure of that section “for any misdemeanor offense in which the officer has arrested a person pursuant to” Penal Code section 836 or 846 (subd. (h)), and that if the person is not released prior to booking, the booking officer is required to conduct an immediate investigation to determine whether he should be so released. (Subd. (i).) (Stats. 1970, ch. 1548, § 4, p. 3147.)
*Supp. 9 As initially enacted and in effect in 1970, section 853.6 provided that when defendant had been so released, the arresting officer or his superior was required to file the duplicate copy with the designated magistrate “as soon as practicable” (subd. (e)), and when so filed the notice constituted the equivalent of a criminal complaint. (Pen. Code, § 853.9.) It was these last mentioned provisions which led to the amendment of section 853.6 in 1980.
In that year Senate Bill No. 1890 (Rains) was introduced. In the report of the Senate Committee on the Judiciary it was noted that existing law required the arresting officer to file a copy of the written notice to appear directly with the magistrate, thereby instituting a criminal action. The proposed amendment “was developed partly in response to the problem of improperly issued citations.
“Where current statutory procedure is followed, people who have been cited incorrectly may plead guilty and pay fines for which they were not actually liable. In these counties, no way exists for prosecutors to screen citations unless a person pleads not guilty.” The purpose of the amendment was to allow prosecutors the opportunity first to screen the citations before their filing, so “they would be able to ascertain a citation had been properly issued.”
The bill, which was adopted (Stats. 1980, ch. 1094, § 2, p. 3507), changed the procedure to be followed by the arresting officer. Instead of filing the duplicate copy of the notice to appear with the magistrate, he filed it with the prosecuting attorney, who then, within a period of five days, determined whether a criminal complaint should be filed or the defendant should be notified that no prosecution would ensue. A new subdivision was added (subd. (j)) requiring the arresting officer electing not to release an arrested person on his promise to appear to indicate on a form to be provided “which of the following was a reason for such nonrelease: ” Among the reasons is: “(3) The person was arrested for one or more of the offenses listed in Section 40302 of the Vehicle Code.”
At the same session of the Legislature, Penal Code section 853.5, which authorized the use of the promise to appear procedure in arrests for infractions, was also amended to allow such release upon the arrested person’s satisfactory presentation of identity, “except as specified in Sections 40302 . . . of the Vehicle Code.” (Stats. 1980, ch. 238, § 1, p. 480.)
As amended in 1980, Penal Code section 853.6 led to uncertainties and difficulties in application. It was uncertain as to the effect of the prosecutor’s failure to file a complaint within five days of the arrest. (See Rep. of Assem. *Supp. 10 Com. on Crim. Justice, p. 3.) The requirement that all citations be screened by the prosecutor placed unmanageable burdens on understaffed prosecutorial agencies in some counties. And the five-day limitation upon filing complaints, in view of intervening holidays and problems of transmitting citations through staffs, made compliance unworkable. (See Enrolled Bill Rep. to Governor; Sen. Bill No. 149 (1981 Reg. Sess.))
In 1981, Penal Code section 853.6 was again amended. (Stats. 1981, ch. 28, § 1, p. 63.) Senate Bill No. 149 (Rains) was enacted to ameliorate problems created by the 1980 legislation. Subdivision (e) was changed to require the arresting officer himself to file the notice to appear with the magistrate if the offense were an infraction (subd. (e)(1)) or if previously so directed by the prosecuting attorney (subd. (e)(2)), but in all other instances to file it with the prosecuting attorney. (Subd. (e)(3).) The time for the prosecutor to file the duplicate, or a formal complaint, with the magistrate was extended to 25 days, but it was also provided that his failure to do so would bar further prosecution of the offense charged in the notice to appear.[6]
No change was made in subdivision (j)(3), establishing as a reason for not using the procedure set forth in Penal Code section 853.6 that the person was arrested for an offense set forth in Vehicle Code section 40302. Moreover, it was indicated in the Legislative Counsel’s digest of the bill, as sent to the Governor, that the amendment was not intended to affect release procedures pursuant to the Vehicle Code, and section 4 of the 1981 statute specifically provided, “Neither this bill nor Chapter 1094 of the 1980 Statutes is intended to affect procedures governing a written notice to appear which are set forth in the Vehicle Code.”
From this somewhat lengthy recital the following statutory scheme is apparent. Under the circumstances of an arrest listed in Vehicle Code section 40302, the arresting officer may use neither the promise-to-appear procedures set forth in Vehicle Code section 40500 et seq., nor those provided by Penal Code section 853.6, but he must take the arrested person before a magistrate. (Veh. Code, § 40302; Pen. Code, § 853.5.) It is only when the officer attempts to take the arrested person before a magistrate and no magistrate is available that any promise to appear procedure may be used. (Veh. Code, § 40307.) In that event, defendant must be taken to the most accessible jail facility where the officer in charge of the jail may determine to release the arrested person either on bail or under the promise-to-appear *Supp. 11 procedure of Penal Code section 853.6. In 1970, when section 40307 was amended to include this reference to section 853.6, section 853.6 contained no limitation upon the time of filing a complaint which might bar further prosecution, and none appeared until 11 years later when subdivision (e) of section 853.6 was amended to so provide.
As pointed out in Palermo v. Stockton Theatres, Inc. (1948) 32 Cal.2d 53, 58-59 [195 P.2d 1]: “ ‘It is a well established principle of statutory law that, where a statute adopts by specific reference the provisions of another statute, regulation, or ordinance, such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified, and that the repeal of the provisions referred to does not affect the adopting statute, in the absence of a clearly expressed intention to the contrary. [Citations.]’ ”
It is apparent that in amending Vehicle Code section 40307 in 1970, the Legislature was concerned with a specific problem, that of avoiding unnecessary incarceration of a person required to be brought before a magistrate but for whom no magistrate is then available, and that it partially solved that problem by making specific reference to Penal Code section 853.6. Under Palermo, supra, it is to be presumed that this specific reference is to the code section as it existed at that time, in absence of an intention expressed to the contrary, and we find no such intention.
To the contrary, the Legislature has continually manifested an intention that the provisions of Penal Code section 853.6 not interfere with the established procedures under the Vehicle Code. By Penal Code section 853.5 it made clear that the criteria for identification sufficient to allow release under Penal Code section 853.6 of persons charged with an infraction shall not supersede those of Vehicle Code section 40302. And in the legislation by which subdivision (e) of section 853.6 was amended to provide a bar to further prosecution, it specifically stated that neither that amendment nor the previous one in 1980 was intended to affect release procedures under the Vehicle Code. This cautionary language of necessity must refer to the use of the Penal Code section 853.6 release procedure pursuant to Vehicle Code section 40307, since that is the only circumstance in which Penal Code section 853.6 has any application to traffic offenses.
Finally, we note that imposing a time limit for filing a complaint, when pursuant to Vehicle Code section 40307 an arrested person is released under Penal Code section 853.6 for nonavailability of a magistrate, accomplishes none of the purposes for which that requirement was added to section 853.6. Vehicle Code section 40302 lists four circumstances in which a person, instead of being released on a traffic citation, must be brought before a *Supp. 12 magistrate. Three of the circumstances precluding release upon a promise to appear under Vehicle Code section 40500 et seq.—inability to produce identification (Veh. Code, § 40302, subd. (a)), the arrested person’s refusal to sign a promise to appear (subd. (b)), and his insistence upon being taken before a magistrate (subd. (c))—also preclude his release under Penal Code section 853.6. (Subd. (j)(5), (8).) All of these circumstances are within the control of the arrested person. If he had satisfied them before being taken to the jailhouse and gained release on a traffic citation, there would have been no limitation upon the time for subsequently filing a criminal complaint. No reasonable purpose could be ascribed to the Legislature in imposing such a time limit because he elects to comply after being taken there.
An arrest for violating Vehicle Code section 23152 (driving under the influence of alcohol or a drug) is the fourth circumstances listed in Vehicle Code section 40302 in which taking the arrested person before a magistrate is mandatory and in which the unavailability of a magistrate might result in the person’s release upon his promise to appear under Penal Code section 853.6. Had a magistrate been available, he would have set a date for defendant’s arraignment and determined whether in the interim to release defendant on bail or on his own recognizance. His unavailability merely shifts that determination to the officer in charge of the jail, who is authorized to release the defendant on bail or under a Penal Code section 853.6 promise to appear. This exercise of discretion by the jailer does not involve the concern which prompted the Legislature in 1980 and 1981 to amend Penal Code section 853.6. That concern was with the officer in the field who, under the then existing procedure, was authorized to arrest a person, release him on his promise to appear, and file the citation, thereby instituting a criminal action without the interposition of any prosecutorial discretion. It was the legislative concern with the field officer’s unfettered exercise of discretion, leading to instances of persons pleading guilty to mistakenly identified offenses or offenses on inadequate facts, that prompted legislative action, a concern not present when a jailer determines only whether an arrested person incarcerated for want of a magistrate should be released or be required to remain in jail because of inability to post bail.
We do not believe that it was the intention of the Legislature when it amended Vehicle Code section 40307 in 1970, so as to borrow the release procedure of Penal Code section 853.6, that such procedure bear the burdens imposed by the 1980 and 1981 amendments to subdivision (e) of section 853.6, which were designed to correct an unrelated problem. Nor do we believe that when it made those amendments it intended that they affect releases pursuant to Vehicle Code section 40307. It was thus error to apply the bar to further prosecution of subdivision (e) in the present cases.
*Supp. 13 The orders are reversed.
Bernstein, J., and Reese, J., concurred.

Section 40302 provides: “[¶] Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases: [¶] (a) When the person arrested fails to present his driver’s license or other satisfactory evidence of his identity for examination, [¶] (b) When the person arrested refuses to give his written promise to appear in court. [¶] (c) When the person arrested demands an immediate appearance before a magistrate. [¶] (d) When the person arrested is charged with violating Section . . . 23152.”

Section 40307 provides: “[¶] When an arresting officer attempts to take a person arrested for a misdemeanor or infraction of this code before a magistrate and the magistrate or person authorized to act for him is not available, the arresting officer shall take the person arrested before: [¶] (a) The clerk of the magistrate who shall admit him to bail in accordance with a schedule fixed as provided in Section 1269b of the Penal Code, or [¶] (b) The officer in charge of the most accessible county or city jail or other place of detention within the county who shall admit him to bail in accordance with a schedule fixed as provided in Section 1269b of the Penal Code or may, in lieu of bail, release the person on his written promise to appear as provided in subdivisions (a) through (f) of Section 853.6 of the Penal Code.”

Some of the defendants take the position that this issue has been precluded by language in Wallace v. Municipal Court (1983) 140 Cal.App.3d 100, 105 [189 Cal.Rptr. 886], and in particular footnote 3 at that page. Commenting upon language in Statutes 1981, chapter 28, Section 4, the Court of Appeal states that such section “does not render Penal Code section 853.6, subdivision (e)(3), inapplicable to Wallace, since the Vehicle Code provisions on notice to appear specifically make that section applicable to persons arrested for drunk driving. (Veh. Code, §§ 40302, subd. (d); 40307, subd. (b).)”
In Wallace, petitioner was arrested on a charge of violating subdivision (a) of section
*Supp. 5 23152 of the Vehicle Code and released on a promise to appear pursuant to Penal Code section 853.6, stating only that charge. More than 25 days later, an amended notice to appear was filed with two counts. The first was a violation of Vehicle Code section 23152, subdivision (a) and the second a violation of subdivision (b) of that section. On petitioner’s motion, the trial court dismissed count I, but refused to dismiss count II, and petitioner sought a writ of prohibition against continued prosecution on count II. The People did not appeal from the dismissal of count I, and in the writ proceeding conceded that prosecution on count I was barred. Thus, there was no issue of the propriety of dismissing count I before the Court of Appeal, and any discussion of this issue is dictum. We note that in the cases before us, we invited counsel to submit briefs upon this issue, and we have concluded that it was dictum. Moreover, we have invited and received extensive briefing on the issue of the legislative intent in this area, which we assume was not before the Court of Appeal in Wallace in view of the People’s concession in that case.

The form used was a sheriffs’ version of the Judicial Council form applicable to Vehicle Code sections 40500, subdivision (b) and 40513, subdivision (b), and to Penal Code section 853.9; the form bore the designation 76T551 SH-CR-66 (Rev. 5/80) 2/82.

Vehicle Code section 40302, subdivision (d) is now applicable to offenses under Vehicle Code section 23152, which includes all offenses of driving under the influence of alcohol or drugs.

Subdivision (e) of Penal Code section 853.6 has since been amended to provide that failure to file a formal complaint within 25 days “shall not bar further prosecution of the misdemeanor charged.” However, further prosecution must be by a new citation. (Stats. 1982, ch. 1103, § 2.)