[No. D008641. Fourth Dist., Div. One. Oct. 19, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT GERARD DOMAGALSKI, Defendant and Respondent.

1382

COUNSEL

John W. Witt, City Attorney, Stuart H. Swett, Chief Deputy City Attorney, and Loraine L. Etherington, Deputy City Attorney, for Plaintiff and Appellant.

Brian McCarthy for Defendant and Respondent.

OPINION

**FROEHLICH, J.**—This appeal is from an order of the municipal court barring action on a misdemeanor complaint against Roger Gerard Domagalski for violation of Vehicle Code sections 23152, subdivisions (a) and (b), and 23225 (driving under the influence of alcohol and possession in a vehicle of an open container of alcoholic beverages). When an accused misdemeanant is released from arrest, he is given a "notice to appear" in court at a specific time. Under Penal Code section 853.6, subdivision (e)(3) a criminal complaint must be filed within 25 days after issuance of the "notice to appear." At issue in this case was the effect of failure to file the criminal complaint within the prescribed time. The trial court concluded that such failure deprived the court of jurisdiction, preventing the People from pro-

ceeding on the basis of a late-filed complaint, absent the issuance of a new citation (notice to appear). We conclude the court was in error. The appeal is entertained in accordance with Penal Code section 1466, subdivision (a)(2), which makes appealable "an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy . . . ."

I

## FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 1986, Robert G. Domagalski was arrested for violating Vehicle Code section 23152, subdivision (a) (driving while under the influence of alcohol or a drug). He was taken to the San Diego County jail where he was released on his promise to appear for arraignment on October 27, 1986. The release was pursuant to Penal Code section 853.6.

On October 27, 1986, defendant appeared for arraignment through his counsel pursuant to Penal Code section 977. At that time a complaint had not been filed. On February 27, 1987, a complaint was subsequently filed charging defendant with violations of Vehicle Code sections 23152, subdivisions (a) and (b), and 23225. An arrest warrant was issued on March 9, 1987.

On April 3, 1987, defendant's counsel appeared in arraignment court and calendared a demurrer. Defendant contended that the complaint was barred by the provisions of Penal Code section 853.6, subdivision (e), which requires that a new and separate citation or arrest warrant be issued in cases where a complaint is not filed within 25 days of the date of arrest. The People argued that the provisions of Penal Code section 853.6, subdivision (e) did not apply to Vehicle Code section 23152 cases pursuant to *People* v. *Ramirez* (1984) 154 Cal.App.3d Supp. 1 [201 Cal.Rptr. 303].

On April 29, 1987, the trial court recalled the arrest warrant, overruled the demurrer[1] and barred further prosecution on the complaint. This appeal by the People ensued.

The contentions asserted by the People on appeal are as follows: 1. In accordance with *Ramirez,* the limitation imposed by Penal Code section 853.6, subdivision (e) does not apply to Vehicle Code violations;

---

[1] Respondent's purported demurrer did not go to the face of the complaint and was therefore procedurally defective.

2. Alternatively, the limitation imposed by Penal Code section 853.6, subdivision (e) does not apply to the book and release procedure provided for by Penal Code section 853.6, subdivision (a) and utilized in this case;

3. Even if the limitation did apply, the People complied by obtaining a warrant;

4. Issuance of the warrant was not in violation of Penal Code section 853.6, subdivision (f) (as later contended by defendant); and

5. Even if the warrant had been issued improperly, termination of the action was not the appropriate remedy.

## II

### DISCUSSION

This case comes to us by certification from the appellate department of the superior court, in accordance with California Rules of Court, rule 62(a). We conclude that the opinion of Judge Richard D. Huffman (then of the superior court) for the appellate department panel constitutes an accurate and complete disposition of the issues of the case (People v. Domagalski (Aug. 5, 1988) App. Dept. Super. Ct., San Diego County, Crim. A. No. 87811). We therefore adopt the central portion of his opinion as our own, as follows:[2]

"[1] *People* v. *Ramirez Is Controlling*

■ "In 1970 California Vehicle Code section 40302 provided that persons arrested for a violation of Vehicle Code section 23102 (now 23152) should be taken before a magistrate within the county in which the offense charged was alleged to have been committed. That same year Vehicle Code section 40307 was amended to provide that if a magistrate was not available, the arresting officer should take the person arrested either to the clerk of the magistrate or the officer in charge of the local detention facility who could admit the defendant to bail or 'release the person on his written promise to appear as provided in subdivisions (a) through (f) of section 853.6 of the Penal Code.'[3]

"In 1981 Penal Code section 853.6, subdivision (e) was amended to provide that in cases where a complaint was not filed within 25 days of a defendant's arrest, further prosecution on the misdemeanor charged in the

---

[2] Because the quoted portion of our opinion is a partial adoption of Judge Huffman's opinion, the footnote numbering does not correspond to the original opinion.

[3] "1970 version of Penal Code section 853.6, subdivisions (a) through (f).

citation was barred. In 1982 Penal Code section 853.6, subdivision (e) was again amended, deleting the barring provisions, but providing that upon the failure of the prosecution to file a complaint within 25 days of the time of arrest, further prosecution should be preceded by a new and separate citation or an arrest warrant. It was the 1982 version of Penal Code section 853.6, subdivision (e) which was in effect at the time of respondent's arrest and was the basis for the trial court's bar to further proceeding on the complaint.

"However, in *People* v. *Ramirez, supra,* 154 Cal.App.3d Supp. 1, the court followed *Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53 [195 P.2d 1], which held that where a statute adopts by specific reference the provisions of another statute, such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified, absent a clearly expressed intention to the contrary. Finding that Vehicle Code section 40307 adopted subdivisions (a) through (f) of Penal Code section 853.6 in the form in which it existed at the time of the incorporation, rather than as later amended, the *Ramirez* court held that the barring provisions of Penal Code section 853.6, subdivision (e) did not apply to Vehicle Code section 23152 violations.[4]

"*Palermo* also noted that there is a cognate rule to the effect that where the reference is general instead of specific, such as a reference to a system or body of laws or to the general law relating to the subject in hand, the referring statute takes the law or laws referred to not only in their contemporary form, but also as they may be changed from time to time. (*Palermo* v. *Stockton Theatres, Inc., supra,* [32 Cal.3d] at p. 59.)

"A review of each of the cases which have followed *Palermo* is instructive on this issue. Without exception, in each case where a statute, or some portion of it, was incorporated by reference to its section designation, the court found the reference to be specific and the effect was the same as if the adopted statute had been set out verbatim in the adopting statute, so that repeal or subsequent modification of the statute referred to did not affect the adopting statute.[5] Only in those cases where an entire body of law relating

---

[4] "At the time of the arrests of the *Ramirez* defendants, the 25-day bar of Penal Code section 853.6, subdivision (e) was in effect. While the bar has subsequently been dispensed with, the same analysis applies to the restrictions currently imposed by Penal Code section 853.6, subdivision (e) upon which respondent based his objection.

[5] "*People* v. *McGee* (1977) 19 Cal.3d 948, 958 [140 Cal.Rptr. 657, 568 P.2d 382]; *In re Sands* (1977) 18 Cal.3d 851 [135 Cal.Rptr. 777, 558 P.2d 863]; and *People* v. *Isaac* (1976) 56 Cal.App.3d 679 [128 Cal.Rptr. 872]; Welfare and Institutions Code sections 12250 and 12850, incorporated by reference into Welfare and Institutions Code section 11483; *People* v. *Richerson* (1985) 169 Cal.App.3d 1006 [215 Cal.Rptr. 706]; Civil Code section 2955 incorporated by reference into Penal Code section 538; *Harrington* v. *Obledo* (1977) 72 Cal.App.3d

to a particular subject was adopted by reference did the court find the reference to be general so that subsequent amendments to the incorporated statute affected the adopting statute.[6]

"The fact that Vehicle Code section 40307 incorporated only subdivisions (a) through (f) of Penal Code section 853.6 when at the time of the incorporation Penal Code section 853.6 consisted of subdivisions (a) through (i) is compelling evidence that the reference was specific and that *Ramirez* was correct in so holding. A close reading of *Palermo* and the cases cited therein also makes it clear that in cases where it is questionable whether only the original language of a statute is to be incorporated or whether the statutory scheme, along with subsequent modifications, is to be incorporated, the determining factor will be the legislative intent behind the incorporating statute. Legislative intent in this case is evident.

"When Vehicle Code section 40307 was amended in 1970, the stated purpose of the law, according to [Assembly Committee Report on Criminal Procedure, New Statutes Affecting the Criminal Law (1970), page 28], was as follows: 'While both the Penal Code and the Vehicle Code provide for the citation release of arrested misdemeanants, *the Penal Code is more generous in its provisions than the Vehicle Code.* The Penal Code provides for the release of all misdemeanants either at the time of arrest or later after booking. The Vehicle Code, however, provides only for a field release, and then only for certain offenses. This bill conforms the two Codes by providing that a Vehicle Code misdemeanor violator can be released after he has been booked when an officer either chooses not to issue him a field citation or is prohibited from doing so.' ([Italics] added.)

"It is clear that in adopting the release provisions of Penal Code section 853.6, the Legislature simply intended to derive the benefit of the 'more generous' release provision of the Penal Code. It does not necessarily follow that the subsequent restrictions imposed on the prosecution by Penal Code section 853.6, subdivision (e) were intended to be applicable to Vehicle Code violations under the purview of Vehicle Code section 40307.

"Furthermore, as pointed out by *Ramirez,* an examination of the legislative history of Penal Code section 853.6 indicates a clear legislative intent not to include Vehicle Code release procedures within the provisions of the subsequent amendments to that statute. Most significant here is the

705 [140 Cal.Rptr. 294]; reference to section 212 of Public Law 93-66 in Welfare and Institutions Code section 12151.

6 *"State School Bldg. Fin. Com.* v. *Betts* (1963) 216 Cal.App.2d, 685, 692 [31 Cal.Rptr. 258], ' "as provided by law" '; *Firemen's Benevolent Assn.* v. *City Council* (1959) 168 Cal.App.2d 765 [336 P.2d 273], ' "all provisions of the State Employees Retirement Law." '

language of Senate Bill No. 149. The bill was originally introduced on January 21, 1981. It was subsequently amended on March 9, 1981, to include section 4 which stated: 'Neither this bill nor Chapter 1094 of the 1980 Statutes is intended to affect procedures governing a written notice to appear which are set forth in the Vehicle Code.'

"The later amendments of March 17, 1981, and April 20, 1981, also included section 4. Although it was not codified when the bill was enacted into law it was certainly a clear expression of legislative intent to exempt Vehicle Code offenses from the new restrictions imposed by Penal Code section 853.6, subdivision (e).

"Although we are not bound by the superior court appellate department's opinion in *Ramirez,* we find its holding to be correct and follow it. Thus, we find that the restrictions imposed by Penal Code section 853.6, subdivision (e) are inapplicable to the case at bar.

"In so holding, we are not unmindful of *Wallace* v. *Municipal Court* (1983) 140 Cal.App.3d 100 [189 Cal.Rptr. 886] or *Heldt* v. *Municipal Court* (1985) 163 Cal.App.3d 532 [209 Cal.Rptr. 579], which appear in dicta to have held that the restrictive provisions of Penal Code section 853.6, subdivision (e) are applicable to Vehicle Code cases. . . .

"In *Wallace* v. *Municipal Court, supra,* the issue of the applicability of the restrictive provisions of Penal Code section 853.6, subdivision (e) was never before the court. It was conceded by the parties at the outset. Therefore, in accordance with *Achen* v. *Pepsi-Cola Bottling Co.* (1951) 105 Cal.App.2d 113, 124 [233 P.2d 74], we find any discussion on this issue to be mere dictum and decline to follow it. (See also *Ramirez, supra,* [154 Cal.App.3d] Supp. 4, fn. 3.)

"The applicability of the 25-day statute of limitations imposed by Penal Code section 853.6, subdivision (e) was extraneous to the issues before the court in *Heldt* and constituted dictum there as well. In *Heldt,* defendant contended that the filing of a citation in lieu of a formal complaint failed to satisfy the one-year statute of limitations and sought dismissal of the case against him. Citing *Wallace,* the court noted the applicability of the 25-day statute of limitations imposed by Penal Code section 853.6, subdivision (e). However, the reference was unnecessary in light of the fact that the citation had been filed with the court 10 days following the arrest and was found to satisfy the statute of limitations, whether it was 25 days or one year.

"[2] *The Issuance of a Warrant in This Case Was Not Improper*

"Having dispensed with the need for a new and separate citation as required by Penal Code section 853.6, subdivision (e), we must still

reconcile the provisions of Penal Code section 853.6, subdivision (f), also incorporated by Vehicle Code section 40307, which remain unchanged. [Penal Code section 853.6, subdivision (f)] provides as follows: 'No warrant shall issue on such charge for the arrest of a person who has given such a written promise to appear in court, unless and until he or she has violated that promise or has failed to deposit bail, to appear for arraignment, trial or judgment, or to comply with the terms and provisions of the judgment, as required by law.'[7]

"Respondent argues that since he appeared for his arraignment as scheduled, the issuance of an arrest warrant in this case was improper. However, as appellant points out, a reasonable interpretation that can be accorded this provision is that it only precludes the issuance of an arrest warrant during the period between the signing of a notice to appear and the appearance date.

"This construction is fortified by an opinion of the attorney general interpreting a similar provision of Vehicle Code section 739 (now [section] 40514). (14 Ops.Cal.Atty.Gen. 215 (1949).) In the case considered by the attorney general, the defendant appeared on the date specified in the citation which had been issued to him only to find that the court was closed. The issues presented to the attorney general, so far as they are pertinent to the issues before us, were (1) Was the defendant obligated to appear again? and (2) If not, could a warrant be issued for his arrest under those circumstances?

"The attorney general concluded that proceeding on the original citation as a complaint would be improper, but the People could issue a new complaint and obtain a valid arrest warrant under Penal Code section 1427, notwithstanding defendant's compliance with the earlier citation. It was suggested, however, that 'in fairness to the accused it might be desirable to consider the use of some procedure less harsh than the . . . issuance of a warrant of arrest' (suggesting the procedure now commonly referred to as a notify warrant).[8]

"The procedure recommended by the attorney general is in essence what occurred in this case. Subsequent to respondent's appearance at arraignment on the date specified in his notice to appear, the People filed a formal complaint. It was upon the formal complaint that the People sought and obtained the issuance of an arrest warrant. It should be noted, however, that respondent was not arrested on the warrant in this case. Thus, respon-

---

[7] "This form of the statute was in effect prior to 1987. The present form is slightly modified.

[8] "Although the notify warrant procedure was being utilized by appellant at the time of respondent's arrest in this case, appellant contends it was not used in the case since they had no local address for the service of such a notice.

dent's contention that he is entitled to dismissal by virtue of the People's failure to comply with Penal Code section 853.6, subdivision (f) is likewise without merit.

"[3] *Dismissal Is Not a Proper Remedy for the Issuance of an Invalid Arrest Warrant*

■ "Even if the provisions of Penal Code section 853.6, subdivision (f) were applicable in this case, and the warrant had been improperly issued, the defendant would not have been entitled to relief in the form of sanctions against the prosecution's case; the defendant was not arrested on this warrant. Had the defendant been arrested on an improper warrant, it is still well settled that the remedy for an arrest under an invalid warrant is not dismissal. (*People* v. *Bradford* (1969) 70 Cal.2d 333, 344 [74 Cal.Rptr. 726, 450 P.2d 46].) Rather, the well-recognized remedies include suppression of certain evidence obtained incident to the illegal arrest, if any (*In re Larry C.* (1982) 134 Cal.App.3d 62, 67 [184 Cal.Rptr. 505]), as well as possible civil action against those responsible for the improper arrest.

■ "In order to proceed, the court must have jurisdiction over the subject matter and the person. (*Burns* v. *Municipal Court* (1961) 195 Cal.App.2d 596 [16 Cal.Rptr. 64].) Jurisdiction over the subject matter is obtained by the filing of a valid complaint. (*Ibid.*) ■ The court having overruled the demurrer, it is clear that the court has jurisdiction over the subject matter. Defendant did not appeal from that portion of the order, and it is now final. (Cal. Rules of Court, rule 182.)

"Thus, the court's order staying further proceedings can only be construed as a finding that it lacked personal jurisdiction over the defendant to proceed. ■ However, once a defendant is before the court, the court has jurisdiction over the person regardless of the procedural defects incident to how he got there. (*Ker* v. *Illinois* (1886) 119 U.S. 436 [30 L.Ed. 421, 7 S.Ct. 225]; *People* v. *Garner* (1961) 57 Cal.2d 135 [18 Cal.Rptr. 40, 367 P.2d 680].) ■ When counsel appeared on respondent's behalf pursuant to Penal Code section 977, the court obtained jurisdiction over his person, and any procedural irregularity which prompted that event did nothing to defeat it.

"It has long been the policy of this state that a complaint will not be set aside or dismissed due to a technical procedural error. (Cal. Const. art. VI, § 13; Pen. Code, § 960; Pen. Code, § 1404; *Renk* v. *Municipal Court* (1963) 213 Cal.App.2d 132 [28 Cal.Rptr. 681]; *People* v. *Maggiora* (1962) 207 Cal.App.2d Supp. 908 [24 Cal.Rptr. 630].)

"Consequently, we conclude that even if the limiting language of Penal Code section 853.6, subdivision (f) is applicable in this case, the court did not lose its jurisdiction over respondent as a result of the procedural defects, and the lower court's ruling barring further proceedings was therefore improper.

"This opinion is not intended as an endorsement of the People's delay in filing the subject complaint with the court. We feel in most cases it would not place an undue burden on prosecuting agencies to assure that complaints are prepared by the time defendants are scheduled to appear for arraignment. Failure to file a complaint in time for a noticed arraignment, or, in the alternative, to notice the court and defendant of the need for a continuance, undermines the integrity of the judicial process. In this case, we are simply constrained by applicable precedent to follow a technical interpretation of Penal Code section 853.6."

## DISPOSITION

The order of the municipal court barring further proceedings on the complaint is reversed.

Work, Acting P. J., and Todd, J., concurred.

A petition for a rehearing was denied November 3, 1989, and respondent's petition for review by the Supreme Court was denied February 1, 1990.