Opinion
LEWIS, P. J.
FACTS
On January 14, 2009, appellant was arrested for driving under the influence of alcohol (DUI) and driving with a blood-alcohol content of 0.08 percent or greater, in violation of subdivisions (a) and (b) of Vehicle Code section 23152. The notice to appear indicates that after being arrested, appellant was cited and released pursuant to Penal Code section 853.6, subdivision (a)(1), due to the unavailability of a magistrate. The notice to appear, wherein appellant promised to appear on March 10, 2009, was not filed with the court. Instead, on May 26, 2009, the People filed a criminal complaint,. which realleged the charges as two misdemeanor counts, as well as a “Notice of Complaint Filed” purportedly notifying appellant of the charges and of his obligation to appear at a specified court on June 23, 2009. On that date, appellant appeared for arraignment through retained counsel and made an oral motion to dismiss the charges pursuant to Penal Code section 853.6, subdivision (e), on the ground that the complaint had not been filed within 25 days of the issuance of the notice to appear and had not been preceded by issuance of a new citation or an arrest warrant. The motion was denied by the trial *Supp. 4 court, whereupon appellant pleaded not guilty on both counts. Prior to trial, appellant filed a written motion to dismiss pursuant to Penal Code section 853.6, subdivision (e), which was again denied, and the case proceeded to trial, at which time the motion was again renewed and denied.
On the third day of trial, appellant filed a motion for mistrial or discovery sanctions based upon the People’s failure to disclose documents relating to the blood-alcohol test results and the calibration of the equipment used to measure appellant’s blood-alcohol level. The trial court granted the motion in part by redacting information in the documents as a discovery sanction,[2] and the jury subsequently found appellant guilty on both counts. Notice of appeal was timely filed, and after an initial hearing the appellate division ordered the record on appeal augmented to include the “Notice of Complaint Filed” and ordered supplemental briefing to address the issue of compliance with the requirement of Penal Code section 853.6, subdivision (e)(3), for “a new and separate citation or an arrest warrant” prior to further prosecution.
DISCUSSION
I*
II
Noting that the complaint was filed more than 25 days (132 days, in fact) after he was cited and released, appellant contends the trial court lacked jurisdiction to proceed in the absence of a new citation or an arrest warrant. In pertinent part, subdivision (e)(3) of Penal Code section 853.6 provides for initiation of prosecution via a notice to appear where no magistrate is immediately available for arraignment: “If the duplicate notice is filed with the prosecuting attorney, he or she, within his or her discretion, may initiate prosecution by filing the notice or a formal complaint with the magistrate specified in the duplicate notice within 25 days from the time of arrest. . . . The failure by the prosecutor to file the notice or formal complaint within 25 days of the time of the arrest shall not bar further prosecution of the misdemeanor charged in the notice to appear. However, any further prosecution shall be preceded by a new and separate citation or an arrest warrant.” “In general, the cite-and-release procedure set forth in section 853.6 is mandatory; the statute declares that, subject to specified exceptions, *Supp. 5 misdemeanor arrestees ‘shall’ be released under that procedure.” (Schmidlin v. City of Palo Alto (2007) 157 Cal.App.4th 728, 760 [69 Cal.Rptr.3d 365].) Under the statute, a notice to appear loses its efficacy as an accusatory pleading if neither the citation nor a criminal complaint is filed within the allotted 25 days. (Id. at p. 759.) Less clear is the procedure to be employed for resumption of such a lapsed prosecution.
As originally enacted in 1959, Penal Code section 853.6, subdivision (e), required the arresting officer to file the notice to appear with the magistrate “as soon as practicable.” (Stats. 1959, ch. 1558, § 1, p. 3888.) A 1980 amendment required the officer to file the notice to appear with the prosecutor, who then had five days to determine whether to initiate prosecution by filing the notice to appear with the magistrate. (Stats. 1980, ch. 1094, § 2, pp. 3507-3508.) Due to difficulty encountered by some prosecutors in meeting the five-day filing requirement and the lack of any specified penalty for noncompliance, subdivision (e) of section 853.6 was again amended, effective May 8, 1981 (Stats. 1981, ch. 28, § 1, p. 63), to allow 25 days for the prosecutor to file the notice to appear, further prosecution of the offense being barred if the filing did not occur within that time period. (See Wallace v. Municipal Court (1983) 140 Cal.App.3d 100, 105, fn. 3 [189 Cal.Rptr. 886]; People v. Ramirez (1984) 154 Cal.App.3d Supp. 1, 4, 9-10 [201 Cal.Rptr. 303].) Evidently as a result of continuing procedural difficulties, the filing requirements of Penal Code section 853.6, subdivision (e)(3) were further amended effective January 1, 1983, to their current form, stating that failure to comply with the 25-day filing requirement is not a bar to further prosecution but that further prosecution “shall be preceded by a new and separate citation or an arrest warrant.” (Stats. 1982, ch. 1103, § 2, pp. 4004-4005.) No published decision has construed this language.
Respondent has disputed the applicability of the filing requirements of Penal Code section 853.6, subdivision (e)(3) to Vehicle Code violations. Vehicle Code section 40307, subdivision (a) provides:
“When an arresting officer attempts to take a person arrested for a misdemeanor or infraction of this code before a magistrate and the magistrate or person authorized to act for him or her is not available, the arresting officer shall take the person arrested, without unnecessary delay, before one of the following:
“(1) The clerk of the magistrate, who shall admit the person to bail for the full amount set for the offense in a schedule fixed as provided in Section 1269b of the Penal Code.
“(2) The officer in charge of the most accessible county or city jail or other place of detention within the county, who shall admit the person to bail for *Supp. 6 the full amount set for the offense in a schedule fixed as provided in Section 1269b of the Penal Code or may, in lieu of bail, release the person on his or her written promise to appear as provided in subdivisions (a) to (f), inclusive, of Section 853.6 of the Penal Code.” The filing requirements of Penal Code section 853.6, subdivision (e)(3) have been held inapplicable to cases involving Vehicle Code violations, principally on the ground that the reference to section 853.6 in Vehicle Code section 40307 incorporates only the version of section 853.6 which existed in 1970 when section 40307 was amended to provide for release upon promise to appear, which version did not include a time limit for the filing of a superseding complaint. (People v. Domagalski (1989) 214 Cal.App.3d 1380, 1384-1386 [263 Cal.Rptr. 249] (Domagalski).) Appellant does not dispute that Domagalski was correctly decided at the time, arguing instead that its holding has been legislatively superseded by the 2007 revision of Vehicle Code section 40307. (Stats. 2007, ch. 738, § 44.) We agree.
The Legislature in 2007 did not merely amend a portion of Vehicle Code former section 40307 (Stats. 1974, ch. 594, § 1, p. 1419), but rather rewrote it in its entirety, moving the reference to Penal Code section 853.6, subdivisions (a) to (f) from former subdivision (b) to subdivision (a)(2), while making several modifications to the statutory language, including addition of the word “inclusive” in subdivision (a)(2). Modification of the statute to specifically reference “subdivisions (a) to (f), inclusive” appears to reflect a legislative intent to incorporate the entirety of the current provisions of subdivisions (a) to (f), including the 25-day filing limit, into section 40307. “Although this was a minor amendment, it is not without significance because ‘[w]e do not presume that the Legislature performs idle acts (People v. Chenze (2002) 97 Cal.App.4th 521, 527 [118 Cal.Rptr.2d 362], quoting Shoemaker v. Myers (1990) 52 Cal.3d 1, 22 [276 Cal.Rptr. 303, 801 P.2d 1054].)
Citing People v. Ramirez, supra, 154 Cal.App.3d at page Supp. 12, respondent further contends that the Legislature did not intend traffic offenses to be subject to the procedural requirements of Penal Code section 853.6, subdivision (e)(3). The conclusion of the Ramirez court in this regard was based upon an analysis of the 1980 and 1981 amendments to section 853.6, subdivision (e), which required the arresting officer to file the notice to appear with the prosecuting attorney rather than with the magistrate and which extended the filing deadline from five days to 25 days, but barred further prosecution of the offense if that deadline was not met. (Ramirez, at pp. Supp. 9-10.) The opinion of another appellate division constitutes, at most, persuasive authority. (People v. Gokcek (2006) 138 Cal.App.4th Supp. 8, 19, fn. 3 [42 Cal.Rptr.3d 405].) For the following reasons, we do not find the Ramirez court’s analysis of legislative intent with regard to the 1980 and 1981 amendments persuasive.
*Supp. 7 In its analysis of legislative intent, Ramirez cited a portion of Penal Code former section 853.5 (now § 853.5, subd. (a)) which excludes DUI arrests and certain other circumstances listed in Vehicle Code section 40302[3] from the cite-and-release procedures generally applicable to infractions: “Except as otherwise provided by law, in any case in which a person is arrested for an offense declared to be an infraction, the person may be released according to the procedures set forth by this chapter for the release of persons arrested for an offense declared to be a misdemeanor. In all cases, except as specified in Sections 40302, 40303, 40305, and 40305.5 of the Vehicle Code, in which a person is arrested for an infraction, a peace officer shall only require the arrestee to present his or her driver’s license or other satisfactory evidence of his or her identity for examination and to sign a written promise to appear contained in a notice to appear. . . .” (Pen. Code, § 853.5, subd. (a).)
“By Penal Code section 853.5 [the Legislature] made clear that the criteria for identification sufficient to allow release under Penal Code section 853.6 of persons charged with an infraction shall not supersede those of Vehicle Code section 40302.” (People v. Ramirez, supra, 154 Cal.App.3d at p. Supp. 11.) However, the exclusion of misdemeanor DUI cases from the cite-and-release procedures applicable to infractions is neither surprising nor a basis for excluding DUI cases from the scope of Penal Code section 853.6, which governs misdemeanor arrests and which lacks such exclusionary language. “We are not authorized to add exceptions where the Legislature has spoken clearly to prescribe a rule and narrowly limit the exceptions thereto.” (Courtesy Ambulance Service v. Superior Court (1992) 8 Cal.App.4th 1504, 1514 [11 Cal.Rptr.2d 161].)
People v. Ramirez, supra, 154 Cal.App.3d at page Supp. 10, also relied upon a statement of legislative intent which accompanied the 1981 amendments: “ ‘Neither this bill nor Chapter 1094 of the 1980 Statutes is intended to affect procedures governing a written notice to appear which are set forth in the Vehicle Code.’ ” This statement of legislative intent is somewhat ambiguous. The Ramirez court evidently read it as an intent to exclude all *Supp. 8 existing cite-and-release procedures applicable to traffic offenses at that time.[4] However, the statement could alternatively be read simply as an effort to ensure that the amendments to Penal Code section 853.6 would not be construed to supersede pertinent provisions “set forth in” the Vehicle Code insofar as there were potential statutory conflicts.[5] In this regard, it is significant that Vehicle Code section 40300 acknowledges that the procedures set forth in the chapter of the Vehicle Code governing arrests are not exclusive: “The provisions of this chapter shall govern all peace officers in making arrests for violations of this code without a warrant for offenses committed in their presence, but the procedure prescribed herein shall not otherwise be exclusive of any other method prescribed by law for the arrest and prosecution of a person for an offense of like grade.” (Veh. Code, § 40300.) The 1980 and 1981 amendments to Penal Code section 853.6, subdivision (e) did not expressly exclude traffic offenses. Nor was the legislation which enacted the 2007 amendment to Vehicle Code section 40307 accompanied by a similar statement of legislative intent.
The Ramirez court further opined that “[n]o reasonable purpose” could be served by imposing the 25-day time limit in cases governed by Vehicle Code section 40302, subdivisions (a) through (c), which require an appearance before a magistrate based upon certain postarrest conduct. (People v. Ramirez, supra, 154 Cal.App.3d at p. Supp. 12.) Yet that lack of “reasonable purpose” would seem to apply equally to like conduct in nontraffic cases, where Penal Code section 853.6 unquestionably applies. If the Legislature did not elect to exclude these categories of arrestees from application of the 25-day filing deadline, there would seem to be no basis for the courts to manufacture such an exclusion, much less one applicable solely to traffic offenses.
Finally, the Ramirez opinion concluded that application of the 25-day filing deadline to DUI cases would be inappropriate because such cases do not involve “the concern” (People v. Ramirez, supra, 154 Cal.App.3d at p. Supp. 12), which led to the 1980 and 1981 amendments: “That concern was with the officer in the field who, under the then existing procedure, was authorized to arrest a person, release him on his promise to appear, and file the citation, thereby instituting a criminal action without the interposition of any prosecutorial discretion. It was the legislative concern with the field officer’s unfettered exercise of discretion, leading to instances of persons pleading guilty to mistakenly identified offenses or offenses on inadequate facts, that *Supp. 9 prompted legislative action, a concern not present when a jailer determines only whether an arrested person incarcerated for want of a magistrate should be released or be required to remain in jail because of inability to post bail.” (Ramirez, at p. Supp. 12.) This “concern” analysis is directed not at the 25-day filing deadline enacted via the 1981 amendments, but rather at the predicate 1980 amendment which required the arresting officer to file the notice to appear with the prosecutor in misdemeanor cases, rather than directly with the magistrate. Inasmuch as Ramirez appears to hold not only the 1981, but also the 1980, amendment inapplicable to traffic offenses, it would follow that DUI citations governed by subdivision (a)(2) of Vehicle Code section 40307 would still have to be filed by the arresting officer directly with a magistrate “as soon as practicable,” as section 853.6 provided prior to 1980. (See Ramirez, at p. Supp. 9.) However, this conclusion was impliedly rejected the following year by the Third District Court of Appeal, wlfich held that Penal Code section 853.6, subdivision (e) governed the prosecutor’s filing of a notice to appear as the operative pleading in a DUI case. (Heldt v. Municipal Court (1985) 163 Cal.App.3d 532, 535-536 [209 Cal.Rptr. 579].)[6]
Respondent’s continued assertion that the “new and separate citation or an arrest warrant” requirement of Penal Code section 853.6, subdivision (e)(3), is inapplicable in this case because the belatedly filed complaint stated that it “supersedes citation number(s) HB2937778” is unsupported by cited authority[7] and is facially inconsistent with the language of section 853.6, subdivision (e)(3). The filing of a new criminal complaint would ordinarily supersede a previously filed notice to appear as the operative pleading, whether or not the complaint expressly so states. (Muns v. Superior Court (1955) 137 Cal.App.2d 728, 732 [290 P.2d 951].) The issue under section 853.6, subdivision (e)(3), is whether a “superseding” complaint alone may *Supp. 10 constitute “a new and separate citation or an arrest warrant,” where neither the notice to appear nor a formal complaint was timely filed. References in the preceding sentences of subdivision (e)(3) to the filing of “the” notice render respondent’s construction of the statute untenable: not only did the Legislature consistently juxtapose references to “notice” (or “notice to appear”) and “complaint,” but it also emphasized the distinction by adding the word “formal” before the latter word, thereby further differentiating a notice to appear as a less formal type of pleading.[8] Moreover, as appellant points out, and respondent does not dispute, Government Code section 68511 requires use of forms prescribed by the Judicial Council, and the Judicial Council has mandated the use of Judicial Council form TR-130 for a notice to appear in a misdemeanor traffic case. The fact that the “superseding complaint” filed by the People did not utilize this form points compellingly to the conclusion that the May 26, 2009, complaint was not intended to be, and is not, a “notice to appear” within the meaning of Penal Code section 853.6, subdivision (e)(3). Clearly, the complaint was not “an arrest warrant.”
As respondent’s supplemental brief appears to concede, the “Notice of Complaint Filed” (identified in the docket report as an “arraignment letter”), which was issued May 19, 2009, at the time the complaint was filed, merely constituted a courtesy notice. As such, it was insufficient to satisfy the requirement of Penal Code section 853.6, subdivision (e)(3), for issuance of a new citation or an arrest warrant, inasmuch it lacked the formal authority of an initial pleading or court order. (See People v. American Surety Ins. Co. (2009) 178 Cal.App.4th 1437, 1439-1441 [101 Cal.Rptr.3d 286] [holding a “ ‘Notice of Complaint Filed’ ” is not a court order for purposes of requiring a defendant’s appearance at arraignment]; cf. Pen. Code, § 1388, subd. (a) [authorizing the district attorney to inform a defendant by letter of the time and place of arraignment where a dismissed accusatory pleading is refiled in a felony case].)
The question nonetheless remains whether the prosecutor’s failure to issue “a new and separate citation or an arrest warrant” in this case required dismissal of the charges on appellant’s motion. Contrary to the assertion of respondent at oral argument, appellant’s assertion of a jurisdictional objection at the time of his arraignment was timely and no waiver resulted as a consequence of his subsequent participation in the trial of the matter. (People v. Phillips (1964) 229 Cal.App.2d 496, 504 [40 Cal.Rptr. 403]; People v. Wilson (1951) 106 Cal.App.2d 716, 718-719 [236 P.2d 9].) However, in our view, the language of Penal Code section 853.6, subdivision (e)(3), requiring that further prosecution “shall” be preceded by a new citation or an arrest warrant, does not state a jurisdictional requirement whose *Supp. 11 application is mandatory in each case. (See In re Albert B. (1989) 215 Cal.App.3d 361, 379-380 [263 Cal.Rptr. 694].) While certainly not the “new and separate citation” or “arrest warrant” prescribed by Penal Code section 853.6, subdivision (e)(3), the appearance of appellant’s attorney on the precise date specified in the appearance letter is strong circumstantial evidence of actual notice of the filing of the charges. It would seem that notice to a defendant of the filing of criminal charges, and the prompt initiation of formal proceedings in connection with the charges, are the purposes behind the requirement of a new and separate citation or an arrest warrant. These purposes were served in this case once appellant’s attorney made an appearance on appellant’s behalf on June 23, 2009. We believe it would elevate form over substance to require a new citation or an arrest warrant under such circumstances.
DISPOSITION
The judgment is affirmed.
Marion, J., and Gannon, J., concurred.
On July 22, 2011, the opinion was modified to. read as printed above.

 In the unpublished portion of this opinion, we affirm the trial court’s ruling on the motion for discovery sanctions.

See footnote, ante, page Supp. 1.

 Vehicle Code section 40302 provides, “Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases:
“(a) When the person arrested fails to present his driver’s license or other satisfactory evidence of his identity for examination.
“(b) When the person arrested refuses to give his written promise to appear in court.
“(c) When the person arrested demands an immediate appearance before a magistrate.
“(d) When the person arrested is charged with violating Section 23152.”

 “This cautionary language of necessity must refer to the use of the Penal Code section 853.6 release procedure pursuant to Vehicle Code section 40307, since that is the only circumstance in which Penal Code section 853.6 has any application to traffic offenses.” (People v. Ramirez, supra, 154 Cal.App.3d at p. Supp. 11.)

 In contrast to Penal Code section 853.6, subdivision (a), Vehicle Code section 40307, subdivision (a)(2) gives the jailer discretion in deciding whether to utilize the cite-and-release procedure.

 Although Heldt’s application of the 25-day filing requirement of Penal Code section 853.6, subdivision (e) to a DUI case was characterized as dicta in Domagalski, supra, 214 Cal.App.3d at page 1387, that characterization seems misplaced, since the sole issue in Heldt was whether a notice to appear filed pursuant to section 853.6, subdivision (e) constituted a pleading for purposes of tolling the normal one-year statute of limitations under Penal Code former section 801, and since the court had decided to treat the appeal as a writ petition in order to decide that issue as “ ‘a question of public importance appropriate for resolution.’ ” (Heldt v. Municipal Court, supra, 163 Cal.App.3d at p. 534, fn. 1.)
Similarly, insofar as Domagalski’s endorsement (Domagalski, supra, 214 Cal.App.3d at p. 1387) of the Ramirez analysis may be said to create a conflict between Courts of Appeal on the issue, we view Heldt as the better reasoned opinion.

 Penal Code sections 740 and 949 require the filing of a complaint “except as otherwise provided by law.” Clearly, subdivision (e)(3) of section 853.6 otherwise provides. (Heldt v. Municipal Court, supra, 163 Cal.App.3d at p. 537.) Penal Code section 853.9, subdivision (a), and Vehicle Code section 40513, subdivision (a), also cited by respondent, are expressly applicable “[w]henever written notice to appear has been prepared, delivered and filed with the court,” which did not occur in this case.

 There is no indication or suggestion that the complaint filed by the People on May 26, 2009, was not a “formal” complaint.