HILLIARD, J.
 

 These proceedings were initiated by the filing of a criminal complaint charging the defendant in Count I thereof with the crime of violation of section 577, California Vehicle Code; in Count II thereof with the crime of violation of sections 510-511, California Vehicle Code; in Count III thereof with the crime of violation of section 148 of the Penal Code; and in Count IV thereof with the crime of violation of 274, subdivision b, of the California Vehicle Code. The fourth count was dismissed prior to trial upon proof of the fact that defendant possessed a valid operator’s license at the time of the alleged offenses.
 

 Testimony was given at the trial by two C.H.P. officers, Thomas and Kling, who stated that they had directly observed the defendant fail to make a boulevard stop in violation of section 577, California Vehicle Code. The officers further testified that immediately thereafter they started in pursuit of the defendant, and clocked his speed as being in excess of 75 miles per hour, which was in violation of the basic speed law and posted speed limits. As the police car approached the vehicle being operated by defendant, the officers flashed a red light, whereupon defendant stopped his vehicle at the side of the road. Officer Kling alighted from the police car and walked toward the defendant’s vehicle at the same time the defendant stepped out of his automobile, and met Officer Kling by the side of his car. There is some conflict in the testimony concerning the precise salutation or preliminary remarks which preceded further events, but Officer Kling testified that he advised defendant of the fact that the officers had
 
 *Supp. 839
 
 observed his failure to make the boulevard stop. The defendant then referred to the particular intersection and inquired as to whether that was the place where such violation had occurred. Upon being assured that this was the location he then responded “Yeah.”
 

 Officer Kling then requested defendant to produce his operator’s license and, being advised that defendant did not have the same in his possession, required some further identification. There is considerable divergence in the testimony concerning the events which happened immediately thereafter. According to defendant, he was not permitted to obtain other papers or documents which might have established his identity, nor would the officers undertake to verify his identity by contacting various individuals whom he mentioned. It is defendant’s further contention that he was summarily handcuffed and restrained after being advised that he was under arrest for violation of California Vehicle Code, section 736. Officers Kling and Thomas testified that they assisted defendant in a search of the glove compartment of his automobile in an effort to find some means by which he might establish his identity. According to their testimony the defendant refused to evidence any spirit of cooperation and, to the contrary, was openly defiant of the right or authority of the officers to place him under arrest. Such testimony further indicated that, upon the basis of defendant’s defiance of authority and inability to produce any identification, he was taken into physical custody by the officers. The defendant forcibly resisted the attempts of the officers to take him into physical custody and, in the course of the ensuing scuffle, there were some minor injuries inflicted upon Officer Kling and the defendant.
 

 Defendant now contends that the judgment of conviction cannot be sustained and, in support of that position, urges that the trial court committed errors of law in ruling upon evidence and instructions to the jury, that the district attorney was guilty of prejudicial misconduct, and that the verdict was contrary to the law and the evidence.
 

 Defendant asserts that Count III of the complaint, in which defendant was charged with violation of Penal Code, section 148, does not state a public offense. We will first consider such contention before commenting upon other grounds relied upon by defendant in this appeal.
 

 Count III of the complaint is in the following form and language:
 

 
 *Supp. 840
 
 “As and for a Third, Further and Separate Cause of Action, Being a Different Offense From, But Connected in Its Commission With the Charge Set Forth in Count I and Count II Hereof, the said M. E. Milleman under oath complains and accuses Charles Clyde Randolph of the crime of Resisting a Public Officer (P. C. 148) a misdemeanor committed as follows:
 

 ‘ ‘ That said Charles Clyde Randolph on or about the 11th day of November, 1955, in the County of San Bernardino, State of California, did wilfully and unlawfully and by means of threats, force and violence resist, delay and obstruct Theodore Kling, then and there a public officer, to wit: a duly appointed and acting officer of the California Highway Patrol in performing his duty as such officer in attempting to arrest the said Charles Clyde Randolph upon the charge of Failure to Exhibit Satisfactory Evidence of His Identity, in Violation of Section 736 of the California Vehicle Code, a misdemeanor.”
 

 Defendant’s contention, with respect to the alleged insufficiency of Count III, may be briefly summarized as follows:
 

 (a) the charging portion of the count accuses the defendant of resisting or attempting to resist arrest;
 

 (b) the attempted arrest was for alleged violation of California Vehicle Code, section 736;
 

 (c) such section (Cal. Veh. Code, §736) is procedural and not penal in nature;
 

 (d) since no arrest could be accomplished for violation of California Vehicle Code, section 736, it follows that the attempt to do so was unlawful, and that defendant was within his legal rights in resisting the officer.
 

 It is clear, we believe, that section 736, California Vehicle Code, is intended to define the procedure to be followed by a peace officer following the arrest of a person charged with misdemeanor violation of the California Vehicle Code. The section specifically provides that
 

 “Whenever any person is arrested for any violation of this code, not declared herein to be a felony . . . (he) shall be taken . . . before a magistrate . . .
 

 “ (if he) fails to exhibit his operator’s . . . license or other satisfactory evidence of his identity.”
 

 Section 739, California Vehicle Code, prescribes the procedure to be followed upon an arrest for misdemeanor violation of the code, and requires that, if the person is not immediately taken before a magistrate, then a traffic citation
 
 *Supp. 841
 
 shall be issued and the arrested person “in order to secure release” must sign the written promise to appear in court. “Thereupon the arresting officer shall
 
 forthwith release the person arrested from custody.”
 

 It thus appears that both sections 736 and 739, California Vehicle Code, contemplate a situation in which an arrest has been accomplished. It is defendant’s contention herein that he had not been placed under arrest at the time of the altercation between himself and the officer, and that the only arrest attempted to be made was for violation of section 736. As we have hereinabove noted, such section is not penal in nature and cannot form a basis for a lawful arrest. The evidence shows, however, that, upon noting the presence of the police vehicle with its red light, the defendant voluntarily stopped his automobile, stepped therefrom and engaged in conversation with Officer Kling. It is apparent that defendant knew that Officers Kling and Thomas were members of the California Highway Patrol, and in an official car. Defendant was immediately informed by Officer Kling of the fact that he had allegedly violated section 577, California Vehicle Code. These circumstances, of themselves, are sufficient to constitute a “submission to custody” in accord with Penal Code, section 835. The situation did not then indicate the necessity of further physical force or restraint for the purpose of actually taking defendant into physical custody. Thereafter it was the duty of the peace officers to proceed in accordance with either sections 736 or 739, California Vehicle Code. The first of these procedures, which were enjoined upon the officers as their duty under the circumstances, required that the operator’s license or other satisfactory identity be produced by the defendant. It was in the course of performing these duties that defendant resisted and obstructed the efforts of the police officers.
 

 Under familiar and well established rules governing appellate procedures, the reviewing court cannot disturb a verdict or judgment if it is supported by substantial and competent evidence.
 
 (People
 
 v.
 
 Werner,
 
 111 Cal.App.2d 264 [244 P.2d 476].) The jury was the sole judge of the credibility of witnesses, and the weight to be given to their testimony. It is apparent that the jury in this case believed the testimony given by Officers Kling and Thomas, and did not accept the version of the transaction as related by the testimony of defendant. There is, therefore, substantial and com
 
 *Supp. 842
 
 petent evidence to sustain the verdict as to each of the counts in the complaint.
 

 Defendant contends, however, that he was charged with the offense of resisting an unlawful arrest, and that the evidence shows that this was the basis upon which Officer Kling was proceeding. We have hereinabove noted the language of the complaint in this regard. The testimony clearly establishes that such was the intent of Officer Kling who testified as follows:
 

 "Q. Bv Mr. Bell : By the way, Officer Kling, from what you have said, I assume that you were attempting to arrest Mr. Randolph upon the charge of failure to exhibit satisfactory evidence of his identity, in violation of Section 736, is that correct? A. Yes.”
 

 The case of
 
 People
 
 v.
 
 Martensen,
 
 76 Cal.App. 763 [245 P. 1101] presents a similar factual situation. In that case the defendant was stopped by officers of the Motor Vehicle Department for the offense of exceeding the speed limit. One of the officers approached the stopped car, asking defendant for his operator’s license and advising him that he was exceeding the speed limit. The defendant refused to exhibit his operator’s license, his name, or in any manner reveal his identity. Thereupon the peace officer advised defendant he was under arrest. The defendant made three efforts to start the motor of his car, and finally the peace officer stepped on the running board, reached into the automobile and turned the ignition switch. Upon this occurrence the defendant pushed the officer from the running board of the automobile. Thereafter the officer took the defendant into actual custody, charging him with speeding, and also the offense of resisting an officer.
 

 Upon the appeal in that case the defendant advanced the identical contention urged by appellant in this case. The evidence clearly showed that the officer had arrested the defendant because the latter had refused to give any identification, and such offense was not one for which an arrest might be made.
 

 The court said: “By reference to section 154 of the Motor Vehicle Act of the state of California, as amended in 1925, (Stats. 1925, p. 415), and which section was in full force and effect on the eighteenth day of September, 1925, it will appear that the contention of the defendant upon this appeal is founded upon a misapprehension of the law relating to arrests for violations of the Motor Vehicle Act. By that section of the Motor Vehicle Act it is provided that in all cases,
 
 *Supp. 843
 
 except for offenses constituting a felony, the arresting officer shall proceed in the following manner, after having stopped the person whom he knows to be guilty of violating the speed laws: The arresting officer shall, upon the production of the operator’s license of the person arrested or from other satisfactory evidence of his identity, take the name and address of such person, the number of his motor vehicle, and notify him in writing to appear at a time and place to be specified in such notice, or, upon demand of the person arrested, take him immediately before some magistrate. It is further provided that whenever any such person refuses to give his written promise to appear or demands appearance, he shall be forthwith taken before a magistrate, etc. Referring to section 148 of the Penal Code, we find that it specifies that any person who wilfully refuses, delays, or obstructs a public officer in the discharge or attempt to discharge any duties of his office, etc., is punishable, etc. Under any view of the evidence in this case, the officer was attempting to discharge the duties of his office. He had already actual knowledge of the violation of the Motor Vehicle Act by the defendant in traveling at a speed in excess of forty-five miles per hour, which violation is not contested, and he was proceeding according to section 154 of the Motor Vehicle Act to ascertain the facts necessary to give the defendant the proper notice to appear and answer the charge of speeding, and while he was discharging and attempting to discharge this duty of his office, the defendant pushed him from the running-board and endeavored in this way to prevent the officer acquiring the information and performing his duty according to the section of the Motor Vehicle Act to which we have referred. Whether the defendant was thereafter arrested upon a proper charge is immaterial, for it appears beyond question that the officer was resisted at the time when he was attempting to discharge the duty imposed upon him by law.”
 
 People
 
 v.
 
 Martensen,
 
 76 Cal.App. 763 at 766 [245 P. 1101].
 

 Section 736, California Vehicle Code, is based upon section 154 of the Motor Vehicle Act of the State of California (Stats. 1925, p. 415). It is true that such statute then provided that “whenever any person is arrested for any violation of the provisions of this Act, unless such violation is herein declared to be a felony, or unless such person demands the right to an immediate appearance before a magistrate, the arresting officer shall
 
 upon production without surrender of the operator’s, or chauffeur’s license of the person arrested, or other satisfactory
 
 
 *Supp. 844
 

 evidence of the latter’s identity
 
 ...” issue a written citation requiring the person to appear and, upon obtaining his written promise to appear, “forthwith release him from custody.”
 

 California Vehicle Code, section 736, is a negative statement of procedure which was formerly prescribed in the affirmative by Motor Vehicle Act 154. The requirement that the operator produce satisfactory evidence of identity continues to be imposed upon him, even though the present law states it in negative terms.
 

 Appellant contends that the district attorney is bound by such particularity in the pleading. It is urged by the district attorney that the inclusion of “descriptive material” concerning purpose of the attempted arrest is surplusage. In this regard, we note that, immediately prior to completion of the plaintiff’s case, the district attorney moved to amend the complaint by striking the language in Count III relating to purpose of the attempted arrest. The trial court, upon denial of such motion, commented that in his opinion such language was surplusage. He further noted, however, that the count sufficiently charged a violation of Penal Code 148 in that it alleged the defendant had delayed, resisted, and obstructed a peace officer in the performance of his duty. The motion was denied with the observation by the court that the surplusage contained in the allegations of the charging portion of Count III was not prejudicial to the defendant, even though he might be deprived of a possible defense, i.e., resistance to unlawful arrest.
 

 We are of the opinion that the trial court was correct in its views on the motion, and it must be further observed that defendant was not, thereafter, under any misapprehension as to the views of the trial court with respect to this situation.
 

 It appears to this court that such portions of the charge in the complaint might have been stricken without destroying the sufficiency of the allegation to state a public offense. We cannot say, however, that the refusal to strike such portions resulted in any prejudice to the defendant. Section 950, subdivision 2, of the Penal Code requires “a statement of the public offense or offenses charged therein.” The statement of the charge according to section 952 “may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. ’ ’ Failure to allege the essential elements of the crime in the accusatory pleading may constitute reversible error under certain circumstances and absence of due process under others. Defendant was well aware of the facts and circumstances
 
 *Supp. 845
 
 surrounding the transaction and, although he may have believed he had a right to resist an unlawful arrest, this does not excuse him from conduct in violation of Penal Code, section 148, which constituted delaying, resisting and ob.structing a peace officer in the performance of his duties.
 

 Defendant assigns as error of the trial court the overruling of objections to testimony concerning transactions or facts occurring after the alleged commission of the offenses charged. Such testimony was clearly admissible since it related to circumstances which, in point of time, had evidentiary value in corroborating or disproving facts related as having occurred at the time of the commission of the offenses. Defendant also complains that the trial court refused to allow cross-examination of a prosecution witness concerning his ability to estimate the speed of vehicles. A review of the transcript indicates that objection was sustained to an argumentative question, and after the witness had stated he was unable to estimate speed. The ruling was proper. Another assignment of error urged by defendant was the ruling of the trial court that personnel and employment records of the California Highway Patrol, relating to Officers Kling and Thomas, were immaterial and privileged. It is defendant’s position that he was entitled to such records for the purpose of proving the ability and judgment, or lack thereof, possessed by these officers in the performance of their duties and in the making of a lawful arrest. The record fails to disclose the contents of these records or documents, and no formal offer of proof was made or received thereon. As far as we are able to determine it appears that such records might have been related only to efficiency ratings within the internal operation of the California Highway Department. We need not comment upon the privileged nature of these records, since we have no, information as to their precise nature or contents. The same observation may be made with respect to their materiality. In connection with this contention the defendant also refers to comments made by the district attorney in arguments to the jury, and with reference to the past record of these officers. Such comment was to the effect that, if the officers had a record of past brutality in the performance of their duties, then the defense undoubtedly would have presented evidence thereof. The comment exceeded the bounds of proper argument in view of the prior discussions between court and counsel concerning the admissibility of the official records. We cannot say, however, that it had any par
 
 *Supp. 846
 
 ticular effect upon the jury, nor that it was prejudicial to the defendant.
 

 Defendant asserts that the trial court misdirected the jury in giving the following instruction: “If an arrest is lawful there is no right to resist even though in fact the person arrested is not guilty of the crime which forms the basis of the arrest or no crime has in fact been committed.”
 

 . This instruction, in the form given, is a substantially correct, even though somewhat incomplete and anomalous, state-, ment of the law. The police officer is neither judge nor jury, and is not responsible for ultimate conviction or acquittal of the person arrested. It is true .that, in misdemeanor cases, the arrest may lawfully be accomplished only upon circumstances specified in Penal Code, section 836, and for misdemeanor (without warrant) only for a public offense committed or attempted in the presence of the officer. The trial court also instructed the jury in the applicable language of Penal Code, section 836 and California Vehicle Code, sections 510, 511, and 577. While we would .criticize the giving of the instruction of which defendant complains, it appears that the subject was correctly and adequately covered in other instructions which were not inconsistent or in conflict therewith.
 

 The final ground urged by defendant for reversal of the judgment of conviction is the alleged prejudicial- misconduct-of the district attorney. Reference is made in appellant’s, brief to several instances in which the conduct of the district attorney is alleged to be prejudicial. We have considered these portions of the proceedings in connection with a reading of the entire transcript—numerous pages of which are devoted to colloquy and argument between counsel and, in some cages, with the active participation of the trial court. It must be admitted that both counsel were most enthusiastic, in the advocacy of their respective causes, and that such enthusiasm often resulted in the injection of immaterial matters into the record. We cannot fairly say, however, that there was any misconduct upon - the part of the district attorney, and it appears that the defendant was most ably represented.
 

 Judgment of conviction and order denying motion for new trial are affirmed.
 

 Coughlin, P. J., concurred.'
 

 Judge Mitchell deems himself disqualified from participating in this opinion.