Filed 1/13/16  P. v. Fain CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MARK DAVID FAIN,<br><br>     Defendant and Appellant. | C075572<br><br>(Super. Ct. No. 62113045) |

A jury found defendant Mark David Fain guilty of brandishing a firearm in the presence of a peace officer (Pen. Code,[1] § 417, subd. (c); count 1), two counts of forcefully resisting or deterring an officer in the performance of his duties (§ 69; counts 2 & 3), and three counts of misdemeanor resisting, delaying, or obstructing an officer (§ 148, subd. (a)(1); counts 4, 5, & 6).  The trial court suspended imposition of sentence

---

[1] Further undesignated statutory references are to the Penal Code.

and placed defendant on five years' formal probation, on the condition he serve 365 days in custody.[2] The trial court also imposed various fines, fees, and penalties totaling $3,303.

Defendant appeals, contending there is insufficient evidence to support his convictions for brandishing (count 1) and resisting, delaying, or obstructing an officer (counts 4, 5, & 6). He also asserts that the trial court erred in ordering him to pay various fines, fees, and penalties as a condition to his probation, failing to orally pronounce the fines, fees, and penalties that were imposed, and imposing certain fees without a proper determination of his ability to pay. He further claims that his trial counsel was ineffective in failing to raise these alleged sentencing errors at trial.

We shall remand this matter to the trial court with directions to amend the order granting probation and judgment for monetary penalties to state the statutory bases for each of the fines, fees, and penalties imposed. As modified, the order granting probation and judgment for monetary penalties is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On Easter Sunday, April 8, 2012, at approximately 6:30 p.m., Roseville Police Officer Greg Lieberman responded to a residential noise complaint at 921 Main Street. When he arrived, he could hear loud music. He spoke to defendant, who identified himself as "the responsible party of the residence," and asked him to turn down the music. Defendant agreed to turn down the music, and Lieberman left.

At approximately 8:00 p.m. that same night, Lieberman received a second noise complaint concerning the same residence and responded along with Roseville Police Officer Gary Cole. When Lieberman arrived, he heard very loud music and people shouting obscenities. He again spoke to defendant and asked him to turn the music down

---

[2] The trial court ordered that defendant serve 180 days in actual custody, and that thereafter, he may apply for some form of alternative sentencing.

and to stop yelling. Lieberman also asked defendant to sign a warning advising him that he could be fined if officers were required to respond a third time. Defendant was cooperative and signed the document. Defendant appeared to have been drinking. Defendant refused to step outside of his house, explaining that he was afraid the officers would "get" him for "drunk in public." He also repeatedly referred the neighbors who had complained about the noise as "dyke bitches."

At approximately 9:30 p.m. that same night, Lieberman received a third call advising him that two different noise complaints had been received concerning the same residence. Lieberman met Cole and Roseville Police Officer Scott Christian on the street. Lieberman asked Christian to accompany him and Cole on the call after Cole told him that he had previously dealings with defendant and that it would be in their "best interests" to have additional officers present. All three officers were in uniform. Christian knocked on the door, while Lieberman stood off to the side, and Cole stood at the base of the steps leading up to the front porch. Defendant answered the door, and Lieberman asked him to step outside and sign a citation. Defendant did not say anything and had a blank stare on his face. He placed his right hand into the right front pocket of his shorts. He appeared to be "manipulating something in his pocket," and Christian was afraid he had a weapon. Christian ordered defendant not to "grab[] stuff" and repeatedly asked him what he was grabbing. Defendant ignored Christian's order, failed to respond to his question, and continued to manipulate the object in his pocket. Afraid for his safety, Christian reached across defendant's body and attempted to grab the outside of defendant's pocket to feel what was inside. As he did so, he observed defendant's right hand coming out of the pocket along with a brown strap with a snap on it, which Christian recognized as a safety strap to a holster. As defendant continued to pull his hand out of the pocket, Christian and Lieberman could see that defendant had a small semiautomatic handgun in his hand. Christian called out "gun" to alert the other officers that defendant had a gun. Christian grabbed the gun with his right hand and grabbed

3

defendant's jacket sleeve with his left hand and pulled defendant out the door and onto the ground. As defendant came out the door, his "arms kind of flailed," and the gun was knocked from Christian's hand, and he lost sight of it.

When Lieberman saw that defendant had a gun in his hand, he grabbed at some part of defendant's clothing and "pulled him out [of the house] so we could get him on the ground." As Lieberman did so, he lost his balance and "ended up behind the window." At that point, Cole took his place and Cole and Christian tried to control defendant's arms. Defendant resisted Christian's attempt to handcuff him. "[H]is arms were pulling away and [he was] not cooperating." Christian held defendant's left hand while Cole grabbed defendant's right hand, which was up near his head, and pulled it down and behind his back so Christian could handcuff him. Defendant struggled with Cole as he attempted to do so.

After defendant was handcuffed, officers rolled him onto his side and found the gun near the doormat on the porch. It was loaded, a bullet was in the chamber, a magazine was in the gun, and the magazine was loaded with bullets.

Defendant testified in his own defense at trial. He was asleep in the front room when officers returned to his house a third time. He heard someone banging on the front door and answered it. When he did, "they" asked him to come outside and sign something. When he "went to pull his hand out of [his] pocket," someone grabbed him by the hair and threw him to the ground. He recalled one of the officers telling him not to grab something, but he did not know what the officer was talking about. He had his hand in his pocket along with a television remote control, but he did not think he was grabbing anything. He is right handed, so he could have been taking his right hand out of his pocket to sign the citation. He did not have a gun or a holster in his pocket. The gun that officers recovered at the scene had been sitting above the doorway on a windowsill. That was the last place defendant had seen his gun. He never saw it after the police arrived the

4

third time.  He denied resisting the officers' efforts to handcuff him or doing anything hostile or aggressive while he was on the ground.

DISCUSSION

I

Defendant's Conviction for Brandishing is Supported by Substantial Evidence

Defendant first contends that "the evidence that [he] drew or exhibited a firearm in the presence of a peace officer in a rude or angry manner was insufficient as a matter of law."  We disagree.

When considering a challenge to the sufficiency of the evidence supporting a conviction, we must " 'review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence -- i.e., evidence that is credible and of solid value -- from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.' " (*People v. Jennings* (1991) 53 Cal.3d 334, 364.)  Even where the evidence of guilt is primarily circumstantial, the standard of appellate review is the same.  (*People v. Holt* (1997) 15 Cal.4th 619, 668 [" ' " 'If the circumstances reasonably justify the [jury's] findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.' " ' "].)  To succeed under a substantial evidence review, the defendant must establish that no rational jury could have concluded as it did—it does not matter that "the evidence could reasonably be reconciled with a finding of innocence or a lesser degree of crime . . . ." (*People v. Hill* (1998) 17 Cal.4th 800, 849; see *People v. Hovarter* (2008) 44 Cal.4th 983, 1015 [" ' "An appellate court must accept logical inferences that the jury might have drawn from the evidence even if the court would have concluded otherwise." ' "].)

Section 417, subdivision (c) provides:  "Every person who, in the immediate presence of a peace officer, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner, and who knows, or reasonably should know, by the

5

officer's uniformed appearance or other action of identification by the officer, that he or she is a peace officer engaged in the performance of his or her duties, and that peace officer is engaged in the performance of his or her duties, shall be punished . . . ." Intent to harm is not an element of the offense. (*People v. Hall* (2000) 83 Cal.App.4th 1084, 1091-1092.) "Instead, it is a general intent crime that does not require an intent beyond that to do the proscribed act. [Citations.] 'When the evidence shows the weapon was exhibited in a rude, angry or threatening manner, the offense is complete.' [Citations.]" (*Id.* at p. 1092.)

Defendant argues that "in the present case . . . there was no evidence whatsoever that when [he] stood in the doorway of his home and began to pull a handgun out of his pants pocket, he was acting in a rude, angry or threatening manner." Not so.

The evidence adduced a trial showed that when defendant answered the door and Lieberman asked him to step outside and sign a citation, he said nothing, had a blank stare on his face, placed his hand in his pocket, and began to manipulate something. Christian ordered defendant not to "grab[] stuff" and repeatedly asked him what he was grabbing. Defendant ignored Christian's order, failed to respond to his question, continued to manipulate the object in his pocket, and then began to pull a handgun out of his pocket. In the face of defendant's silence and his failure to do as instructed, the jury reasonably could construe defendant's removal of the handgun as threatening. Accordingly, defendant's challenge to the sufficiency of the evidence supporting the brandishing offense (count 1) fails.

## II
### Defendant's Convictions for Delaying, Resisting, or Obstructing a Peace Officer in the Discharge of His Duties Are Supported by Substantial Evidence

Defendant next contends that the evidence he delayed, resisted, or obstructed three different peace officers in the discharge of their duties was insufficient as a matter of law. Again, we disagree.[3]

Defendant was convicted of delaying, resisting, or obstructing Officers Liberman, Cole, and Christian in the discharge of their duties (counts 4, 5, & 6). Section 148, subdivision (a)(1) provides: "Every person who willfully resists, delays, or obstructs any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished . . . ." "A defendant can be convicted under section 148 for each peace officer he obstructs, even if he engages in only one act of obstruction." (*People v. Hairston* (2009) 174 Cal.App.4th 231, 238.)

"Penal Code section 148 is not limited to nonverbal conduct involving flight or forcible interference with an officer's activities. No decision has interpreted the statute to apply only to physical acts, and the statutory language does not suggest such a limitation." (*People v. Quiroga* (1993) 16 Cal.App.4th 961, 968.) Although section 148 is most commonly applied to physical acts, such as fleeing from a proper investigatory detention by a police officer, brandishing a gun at an officer, passively resisting an arrest by going limp, or struggling physically with an officer making an arrest or attempting to break up a fight, it has also been applied to cases involving a combination of verbal and

---

[3] While not raised by the parties, we pause to note that section 148, subdivision (a)(1) is not a lesser included offense of section 69 (forcefully resisting or deterring an officer in the performance of his duties) under either the accusatory pleading or statutory elements test. (*People v. Smith* (2013) 57 Cal.4th 232, 241.) Thus, the rule prohibiting convictions on both a greater offense and a lesser included offense is not implicated here. (See *People v. Sanders* (2012) 55 Cal.4th 731, 736.)

physical interference with an officer's performance of his duties.  (*Quiroga* , at pp. 967-968.)  "In *People v. Martensen* (1926) 76 Cal.App. 763, the defendant was stopped for driving at an excessive speed and refused to exhibit his driver's license or to disclose his name.  He then started his motor with the apparent intention of driving away.  When the officer stepped on the running board and reached into the car to turn the ignition switch, the defendant pushed the officer off the running board.  In *People v. Randolph* (1957) 147 Cal.App.2d Supp. 836, the defendant refused to produce his driver's license and then 'forcibly resisted the attempts of the officers to take him into physical custody.'  (*Id.* at p. 839.)"  (*Id.* at p. 968.)

Here, there is ample evidence defendant delayed, resisted, or obstructed Lieberman, Christian, and Cole in the discharge of their duties.  He failed to come outside and sign the citation when requested to do so by Lieberman, brandished a handgun at all three officers, and resisted Christian and Cole's efforts to handcuff him.  Accordingly, defendant's challenge to the sufficiency of the evidence supporting the misdemeanor resisting, delaying, or obstructing an officer offenses (counts 4, 5, & 6) fails.

### III
### The Fines, Fees, and Penalties Imposed Are Not Conditions of Defendant's Probation

Defendant contends the trial court improperly imposed fines, fees, and penalties collateral to his crime as conditions of his probation and argues the order granting probation and judgment for monetary penalties must be modified to clarify that payment of those fines, fees, and penalties is not a condition of probation, but rather an order of the court entered at judgment.  The People do not dispute that fines and fees that are collateral to a defendant's crime may not be made conditions of probation in the absence of a statutory exception.  (*People v. Kim* (2011) 193 Cal.App.4th 836, 842-843.)  The People disagree, however, with defendant's claim that the fines, fees, and penalties imposed in this case were ordered as conditions to defendant's probation.  The People are correct.

8

The recommendation portion of the probation report, which was received and reviewed by the parties prior to sentencing, is broken into separate sections, including a section entitled "TERMS AND CONDITIONS." The recommended fines, fees, and penalties are not among the 20 terms and conditions listed. Rather, they are set forth later as separate recommendations. The order granting probation and judgment for monetary penalties likewise contains separate sections setting forth the terms and conditions of defendant's probation and the fines, fees, and penalties imposed. Having reviewed the record, it is clear to us that none of the fines, fees, or penalties imposed in this case are conditions of defendant's probation. Accordingly, the order granting probation and judgment for monetary penalties need not be modified.

IV

The Order Granting Probation and Judgment for Monetary Penalties Must Be Amended to Include the Statutory Bases for All the Fines, Fees, and Penalties Imposed

Defendant next contends that "[i]n the absence of the court's oral pronouncement, the imposition of fees in the clerk's record was error," and therefore "these charges must be stricken." As we shall explain, the matter must be remanded to the trial court so that it may specify the statutory bases for the imposition of all fines, fees, and penalties imposed.

At sentencing, the trial court ordered defendant to "also pay all fees and fines stated on page 3, which are all set, I notice, at the minimums." The trial court's reference to page 3 is to the order granting probation and judgment for monetary penalties, which lists each of the 15 fines, fees, and penalties actually imposed, and the statutory bases for some, but not all, of the same. As relevant here, the trial court imposed a $200 "base fine," a $200 "state penalty assessment," a $140 "county penalty assessment," a $100 "facility penalty assessment," a $350 "pre-sentence report" fee, a $25 "substance abuse testing" fee, a $1,200 "probation supervision fee," a $150 "booking fee," and a $118

9

"incarceration fee." The statutory bases for these fees, fines, and penalties are not listed in the order granting probation and judgment for monetary penalties.

The trial court must provide at sentencing a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200 (*High*).) All of these fines, fees, and penalties, including their amounts and statutory bases, must be set forth in the abstract of judgment or probation order. (*Ibid.*; *People v. Eddards* (2008) 162 Cal.App.4th 712, 717-718 (*Eddards*).) "If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.]" (*High*, at p. 1200.)

In this case, unlike in *High*, imposition of sentence was suspended and the trial court did not generate an abstract of judgment. However, this court has held that a probation order must also state the amounts and statutory bases of fines and fees imposed. (*Eddards, supra,* 162 Cal.App.4th at p. 718.) Thus, as the trial court failed to identify the statutory bases for each of the fines, fees, and penalties imposed, we will remand the matter to the trial court with directions to modify the order granting probation and judgment for monetary penalties by listing the statutory bases for each of the fines, fees, and penalties imposed.

The People contend that this claim was forfeited by defendant's failure to object below. We disagree. The trial court's duty to articulate all fines, fees, and penalties in the abstract of judgment or probation order is intended not only to benefit the defendant, but also to assist state and local agencies in their collection obligations. (*High, supra*, 119 Cal.App.4th at p. 1200; *Eddards, supra,* 162 Cal.App.4th at p. 718.) The trial court's duty to state and local agencies cannot be waived by the defendant.

10

## V
## Defendant Forfeited His Claim That the Trial Court Failed to Properly Determine That Had the Ability to Pay Certain Fees

Finally, defendant contends that the presentence report, probation supervision, booking, and incarceration fees must be stricken because the trial court did not make "a proper determination of [his] ability to pay." More particularly, defendant argues the trial court failed to conduct a hearing to determine defendant's ability to pay, and thus, there is no evidence to support a finding that defendant had the ability to pay. As we shall explain, defendant forfeited his claim by failing to object below.

The trial court ordered defendant to "pay all the fees and fines stated on page 3 [of the proposed order granting probation and judgment for monetary penalties], which are all set, I notice, at the minimums. And you are still a healthy man working, so I find you do have the ability to pay . . . ." The probation report recommended defendant be ordered to pay the challenged fees, and the proposed order granting probation and judgment for monetary sanctions included them. At no point, however, did defendant object to the imposition of the challenged fees, the process by which he was ordered to pay them, or his ability to pay them. By failing to do so, he forfeited his claim that the trial court failed to properly determine that he had the ability to pay the challenged fees. (*People v. Aguilar* (2015) 60 Cal.4th 862, 866-867; *People v. Trujillo* (2015) 60 Cal.4th 850, 858-859; *People v. McCullough* (2013) 56 Cal.4th 589, 591.)

## VI
## Defendant's Trial Counsel Was Not Ineffective

Lastly, defendant contends that he was "denied the effective assistance of counsel at the time judgment was imposed" based on counsel's failure to object to the trial court's (1) improper imposition of fines, fees, and penalties as conditions to his probation, (2) failure to orally pronounce the fines, fees, and penalties it imposed, and (3) failure to make a proper determination of his ability to pay certain fees. We are not persuaded.

11

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674]; *People v. Berryman* (1993) 6 Cal.4th 1048, 1081 (*Berryman*), overruled on other grounds in *People v. Hill*, *supra,* 17 Cal.4th at p. 823, fn. 1.) If a defendant fails to establish either component, the ineffective assistance claim fails and we need not address the other component. (*Strickland*, at p. 697; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.)

In reviewing a claim of ineffective assistance, we accord great deference to trial counsel's reasonable tactical decisions (*People v. Weaver* (2001) 26 Cal.4th 876, 925; *People v. Freeman* (1994) 8 Cal.4th 450, 484) and reverse " 'only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission.' " (*People v. Frye* (1998) 18 Cal.4th 894, 980, disapproved on other grounds by *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) "An attorney may choose not to object for many reasons, and the failure to object rarely establishes ineffectiveness of counsel." (*People v. Kelly* (1992) 1 Cal.4th 495, 540.)

As discussed above, the fines, fees, and penalties imposed are not conditions of defendant's probation. Thus, counsel was not ineffective in failing to object to the fines, fees, and penalties on that ground. (*People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1170 ["Failure to make meritless objections cannot be the basis of an ineffective assistance of counsel claim."].)

While the trial court was required to set forth in the statutory bases for each of the fines, fees, and penalties imposed in the order granting probation and judgment of monetary penalties, the proper remedy is remand to allow the trial court to list the statutory bases for all the fines, fees, and penalties imposed. Accordingly, defendant was not prejudiced by counsel's failure to object to the trial court's failure to list the statutory

12

bases for each of the fines, fees, and penalties imposed, and thus, counsel was not ineffective in failing to object. (*Berryman, supra,* 6 Cal.4th at p. 1081.)

Finally, we found defendant forfeited his claim that the trial court failed to properly determine his ability to pay certain fees by failure to object below. Defendant argues his trial counsel was ineffective in failure to object. The record is silent as to why counsel did not object. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [a claim of ineffective assistance of counsel must be rejected if " ' "the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation" ' "].) Contrary to defendant's assertion, the record does not affirmatively disclose counsel had no rational tactical purpose for not objecting. The probation report recommended defendant be placed on 5 years' formal probation on the condition he serve a disciplinary sentence of 365 days in the Placer County Jail less credit for 68 days. At the sentencing hearing, defendant's trial counsel argued in favor of probation, as recommended in the probation report. In doing so, he asked the court to "take into serious consideration the fact that [defendant] is . . . self-employed as an air conditioning service technician [and] . . . provide[s] financial support for his family. That is reflected in the probation officer's report that it's going to severely impact his family if they are denied his income." One obvious reason for not arguing defendant lacked the ability to pay the challenged fees is that the argument conflicted with his primary argument in favor of probation.

Defendant has not established that his counsel's failure to object any of the alleged sentencing errors constituted ineffective assistance.

### DISPOSITION

The matter is remanded to the superior court, which is directed to amend the order granting probation and judgment for monetary penalties, filed January 6, 2014, to state

13

the statutory basis for each fine, fee, and penalty imposed.  As modified, the order granting probation and judgment for monetary penalties is affirmed.


                                             /s/
                                               Blease, J.


We concur:


     /s/
Raye, P. J.


     /s/
Hull, J.